NUMBER 13-01-499-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG


___________________________________________________________________



TEXAS VALLEY INSURANCE AGENCY D/B/A

MCAFEE INSURANCE AND ROBERT GARZA , Appellants,



v.




SWEEZY CONSTRUCTION INCORPORATED , Appellee.

___________________________________________________________________



On appeal from the 370th District Court

of Hidalgo County, Texas.


__________________________________________________________________



O P I N I O N


Before Chief Justice Valdez and Justices Rodriguez and Dorsey (1)

Opinion by Justice Rodriguez


 Appellants, Texas Valley Insurance Agency d/b/a/ McAfee Insurance and Robert Garza, bring this appeal following the
trial court's judgment in favor of appellee, Sweezy Construction Company. By three issues, appellants generally contend:
(1) the trial court abused its discretion in removing the cause from the jury trial docket; and (2) the evidence is neither
factually nor legally sufficient to support the trial court's judgment. We reverse and remand.

I. History

 In 1995, appellee began negotiations with Harlingen Hotels, Inc. (Harlingen Hotels) to obtain a contract for the
construction of a Holiday Inn Express Hotel in Harlingen, Texas. Appellee and Harlingen Hotels agreed to a contract sum
of $3.1 million for the construction of the hotel. As the general contractor, appellee was required to post a payment and
performance bond in the amount of $3.1 million.

 Appellee began to negotiate with appellants to obtain a bond. Appellants were unable to receive a bond of $3.1 million,
however they were able to obtain a $1.5 million single project bond, with no surety line, from Fidelity & Deposit Insurance
Company (F & D). Appellee received the $1.5 million payment and performance bond from F & D through appellants. A
few weeks later, appellee submitted another bid request to appellants for a school district project, in the amount of
$550,000.00. Appellants negotiated with F & D for appellee's bond. F & D rejected the bond on the ground that appellee
was not financially qualified. Appellee was informed that it could continue to obtain payment and performance bonds on
an individual project basis, but did not have an aggregate line through F & D.

 Appellee filed suit against appellants alleging: (1) negligence and/or fraud; (2) breach of contract and breach of warranties;
and (3) violations of the Deceptive Trade Practices Act (DTPA). Following a bench trial, the trial court entered judgment
in favor of appellee for all claims, and further found that appellants "knowingly" violated the DTPA. This appeal ensued. 

II. Removal of Cause from Jury Docket

 By their first issue, appellants contend the trial court erred in: (1) removing the cause from the jury trial docket on which it
had earlier been placed; (2) placing the cause for the first time on the non-jury docket on the date of trial; and (3) overruling
appellants' request for a jury trial.

A. Standard

 We review the trial court's denial of a jury demand for an abuse of discretion. Mercedes-Benz Credit Corp. v. Rhyne, 925
S.W.2d 664, 666 (Tex. 1996). This standard of review requires an appellate court to examine the entire record. Id. A trial
court abuses its discretion when it acts in an arbitrary or unreasonable manner, or without reference to any guiding rules
and principles. Id.; Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

B. Relevant Facts

 In its original, and first and second amended petitions, (2) appellee requested a trial by jury. However, a jury fee was not
paid. In its subsequent amended petitions, (3)appellee did not include a request for a jury trial. The trial court entered a
docket control order on June 14, 1999, setting the case for "TRIAL before the JURY . . ." on February 21, 2000. However
the case was continued pursuant to an agreed order of continuance. On February 25, 2000, the trial court entered an agreed
docket control order stating "JURY TRIAL REQUESTED" and setting the case for May 15, 2000. On February 5, 2001,
the trial court made its final docket order setting the case for "TRIAL before the JURY . . ." on March 12, 2001.

 On March 12, 2001, the day of trial, the trial court questioned why the case was on the non-jury docket. The following
exchange occurred:

The Court: You better look at - - I called this on the nonjury [sic] docket. Did I get that wrong?



Appellee's Attorney: They have not paid a jury fee, Your Honor.



The Court: Did you all pay a jury fee?



Appellee's Attorney: We understand no jury fee or jury demand has been made by either party.



The Court: That's what my staff indicated, that's why I called this. I was calling the nonjury [sic] docket. . . . Make sure
you check your file, I don't want to make mistakes on that.



Appellants pointed out to the trial court that it had made two docket orders setting the cause for a jury trial. Appellants
withdrew their announcement of ready, and requested that the trial court allow appellants time to file their own jury
demand and pay the jury fee. The trial court denied their request. However, during a recess before the trial on the merits
began, appellants did file a jury request and paid a jury fee. The trial court, however, again denied appellants' request for a
jury trial and held a trial before the bench.

C. Analysis

 Section 216 of the Texas Rules of Civil Procedure provides, in part:

a. Request. No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the
court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance.



b. Jury Fee. Unless otherwise provided by law, a fee of ten dollars . . . must be deposited with the clerk of the court
within the time for making a written request for a jury trial. The clerk shall promptly enter a notation of the payment of
such fee upon the court's docket sheet.



Tex. R. Civ. P. 216. Because appellee omitted its jury requests in its amended petitions, all subsequent to the second
amended petition, appellee effectively withdrew its jury request. See Tex. R. Civ. P. 65; Byke v. Corpus Christi, 569
S.W.2d 927, 932 (Tex. App.-Corpus Christi 1978, writ. ref'd n.r.e.) (an amended petition is new pleading that completely
supersedes and displaces petition it amends). Thus, in this instance, neither party filed a request or paid a fee at the time
when the trial court ordered, on two separate occasions, the case be set on the jury docket. Appellee argues that because
neither a fee nor a request was timely made, the trial court did not abuse its discretion in denying appellant's request for a
jury trial. See Tex. R. Civ. P. 216. Under these circumstances, we disagree.

 Relying on Rhyne, 925 S.W.2d 664, appellants contend that even though a jury fee and jury request were not timely made,
because the trial court signed orders setting the case for a jury trial, the trial court abused its discretion by denying a jury
trial. In Rhyne, Rhyne filed a request for a jury trial but never paid the jury fee. Id.at 665. Subsequently, the trial court
signed an order declaring that "it is hereby ORDERED that the above entitled and numbered cause is set for trial on the
merits before a jury . . . ." Id. (emphasis in original). However, neither Rhyne nor Mercedes paid the requisite jury fee. Id. 
The trial court never modified or withdrew its order setting the case for trial before a jury. Id. On the final business day
before the trial setting, Mercedes discovered that Rhyne never paid the jury fee and that he no longer wanted a jury. Id. On
the day the trial was set, Mercedes made its own jury demand and paid the jury fee. Id. However, the trial was transferred
to a new court and, four days later, the new trial court denied Mercedes's jury request and proceeded with a bench trial. Id.
at 665-66. The court of appeals affirmed, holding that the trial court did not abuse its discretion by denying Mercedes a
jury trial. Id. at 665.

 The Texas Supreme Court, in an unanimous opinion, reversed and remanded the case for a new trial. Id. at 667. The court
held:

Rule 216 . . . which provides the requirements for a party to assure its right to a jury trial, normally furnishes the guidelines
under which a trial court must act. That rule calls upon parties to make a jury request and pay the jury fee "a reasonable
time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance." Tex. R. Civ.
P. 216(a) (emphasis added). In this case, neither party paid the jury fee more than thirty days before the trial setting. But
Rule 216 does not speak to this case, in which the trial court set the case on the jury docket and issued an order announcing
that it had done so. . . . When the trial court took the uncommon step of signing the order setting the case for a jury trial, the
court was not free to later ignore that order.



 We agree with Mercedes that the trial court's disregard of its own order in this case was arbitrary and capricious and
therefore an abuse of discretion. The trial court issued a written order a year before trial stating that the case would be tried
before a jury. The . . . order remained unmodified and unchallenged throughout all of the pretrial proceedings. In such a
situation, Mercedes was entitled, as a matter of law, to rely on the trial court's order setting the case for a jury trial. For the
trial court to vacate or change its order, it must have given the parties a reasonable time to comply with Rule 216
requirements for making a jury demand and paying the fee.



Id. at 666.

 Like in Rhyne, the trial court in the instant case signed an order setting the case for a jury trial when the requirements of
Rule 216 had not been met. The case was never placed on the non-jury docket, and rather than just having one order by the
trial court as in Rhyne, the trial court in this case made two separate orders setting the case on the jury docket. See id.
("When the trial court took the uncommon step of signing the order setting the case for a jury trial, the court was not free to
later ignore that order."). These two orders were unchallenged and unmodified for more than a year and a half, until the day
of trial. As a matter of law, we find that appellants were entitled to rely on the court's orders setting the case for a jury trial. 
See id. For the trial court to vacate or change its order, it must have given appellants a reasonable time to comply with Rule
216 requirements for making a jury demand and paying the fee. Id. Because the trial court did not do so, we find it abused
its discretion. See id. 

 Appellee attempts to distinguish the facts in this case from Rhyne because, in this instance, neither requirement of Rule
216 was fulfilled before the trial court made its orders. However, regardless of whether one or zero requirements were met,
Rule 216 calls for two requirements to be fulfilled. Tex. R. Civ. P. 216. Thus, in both Rhyne and this case, the parties did
not satisfy Rule 216 before the trial court signed its orders. Moreover, both cases present facts that are not compatible with
Rule 216; i.e., the trial courts set the cases on jury dockets and issued orders announcing that they had done so. See id.
("No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a
reasonable time before the date set for trial of the cause on the non-jury docket . . .") (emphasis added). For the reasons set
out above, appellants' first issue is sustained.

 Because the trial court abused its discretion, we must determine whether the error requires a reversal. The wrongful denial
of a jury trial is harmful when the case contains material fact questions. Rhyne, 925 S.W.2d at 667. The instant case is rife
with disputed questions of fact. Thus, the denial of the jury trial was harmful error and requires reversal. (4)

III. Conclusion

 We hold the trial court abused its discretion and committed reversible error by ignoring its own order and denying
appellant a jury trial. Accordingly, we reverse the trial court's judgment and remand this case for a new trial before a jury. 

 

NELDA V. RODRIGUEZ

Justice



Opinion delivered and filed

this 17th day of April, 2003.

 

1. Retired Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. The second amended petition was filed on May 28, 1997.

3. The third amended petition was filed on December 4, 1998, and the sixth amended petition was filed on May 4, 2000.

4. Because of our disposition of appellants' first issue, we need not address appellants' remaining issues on appeal. Tex. R.
APP. P. 47.1.