116 S.W.3d 426 (2003)
In the Interest of J.N.F and J.M.F.
No. 14-02-00905-CV.
Court of Appeals of Texas, Houston (14th Dist.).
September 9, 2003.
*428 Anthony R. Magdaleno, II, Houston, for appellant.
David E. Brothers, Houston, for appellee.
Bobbie Monroe, Houston, ad litem.
Panel consists of Justices ANDERSON, SEYMORE, and GUZMAN.

OPINION
JOHN S. ANDERSON, Justice.
Appellant, J.S.F., the biological father of minor children J.N.F. and J.M.F. ("the children") brings this appeal following the trial court's order terminating his parental rights to both children, granting their adoption by J.A.B., and changing their surnames to that of their adoptive father, J.A.B. Appellant contends the trial court abused its discretion in denying his request for a jury trial and his request to remove the children's guardian ad litem. Concluding the trial court abused its discretion when it denied appellant's request for a jury trial, we reverse and remand.

FACTUAL AND PROCEDURAL BACKGROUND
Appellant and J.S.B., the children's biological mother, were divorced in 1995. Under the terms of the divorce decree, both appellant and J.S.B. were appointed conservators of the children, with J.S.B. appointed as the managing conservator. Under the decree, appellant was granted specific rights, privileges, powers, and duties, including a requirement that he pay J.S.B. $500.00 per month in child support. For almost a year, he made regular payments, then made sporadic payments, and finally stopped paying after May 1997.
In addition, following the divorce, appellant was charged with the misdemeanor of carrying a weapon, and with the felonies of possession of marijuana and burglary of a habitation. In April 1998, appellant was sentenced on the burglary charge to eight years in the Texas Department of Corrections.
In March 1997, J.S.B. had married J.A.B. In October 2001, J.S.B. and J.A.B. (the appellees in this court) petitioned for termination of appellant's parental rights to the children and for their adoption by J.A.B. On November 5, 2001, appellant filed a pro se answer captioned "Respondent," in which he requested a jury trial. The same day, he also filed a declaration of inability to pay costs, in which he stated, "I [J.S.F.], being presently incarcerated in the Darrington Unit of the Texas Department of Criminal Justice-Institutional Division in Brazoria County, Texas, verify and declare under penalty of perjury that *429 the foregoing statements [concerning his income, assets, and expenditures] are correct." Appellant did not deposit a jury fee or file an oath of inability to pay the jury fee, as set forth in Texas Rule of Civil Procedure 217.
In December 2001, Bobbie Monroe, the guardian ad litem for the children, filed an original answer. In January 2002, appellant, again pro se, filed a document captioned, "Original Answer, Request for Appointment of Attorney Ad Litem and Motion for Issuance of Bench Warrant." He also filed another declaration of inability to pay costs. Neither document contains a request for, or refers to, a jury trial.
On February 25, 2002, Monroe filed a report regarding termination and adoption. In the report, Monroe summarized her interviews and discussions with the two children, their maternal grandparents, J.S.B., J.A.B., appellant, appellant's parents, and appellant's sister. Listing five factors related to the best interests of the children, Monroe concluded by recommending the terminations and adoptions be granted.
On April 8, 2002, the court appointed Anthony R. Magdaleno, II, as appellant's attorney ad litem. On April 9, the court signed a scheduling order setting trial for June 24, 2002. The scheduling order does not indicate whether the case was set for jury or bench trial. The docket sheet, however, contains an entry for March 28, 2002, which states, "Termination & Adopt. Pet's appear. Gal appear. Resp. file answer asking for jury trial and to bench warrant."
On May 16, 2002, Magdaleno filed a document captioned, "Attorney Ad Litem's Original Answer." The document does not contain a request for, or a reference to, a jury trial. On May 16, Magdaleno also filed a motion requesting that the petitioners be required to deposit an amount into the registry to cover the attorney ad litem's costs in representing appellant. On June 18, Magdaleno filed a motion for a continuance, asserting he needed additional time, in part because of difficulty communicating with appellant resulting from appellant's incarceration.[1] The trial court heard the motions for deposit of costs and for continuance on June 18, and subsequently denied both by written orders.
At the June 18 hearing, appellees' counsel and the court indicated the case was set for a trial to the court the following week. Appellant's counsel, however, stated, "I think ... we're on the jury docket also because I remember in some of his pro se pleadings there was a request for a jury trial." In response, appellees' counsel observed the jury fee had not been paid.
On June 20, Magdaleno filed three opposed motions: (1) a motion to withdraw as counsel, (2) a motion to remove the children's guardian ad litem, and (3) a motion to confirm appellant's right to a jury trial. He also filed an "appeal" and motion for reconsideration of the court's previous rulings on his motions for costs and continuance. The motion to withdraw as counsel was based on counsel's asserted inability to confer with appellant and the denial of the motion for a continuance. The motion to remove the guardian ad litem was based on the guardian's alleged lack of objectivity as evidenced by her February 25, 2002 report in which she recommended termination and adoption. The motion to confirm appellant's right to a jury trial was based on appellant's request *430 in his first pleading and on an allegation that his failure to pay the jury fee did not operate to the petitioner's prejudice.
At the motions hearing on June 26, appellant argued that his declaration of inability to pay costs satisfied the civil procedure rule allowing a party, in lieu of paying the jury fee, to file an affidavit of inability to pay.[2] Appellees responded (1) appellant had not paid the jury fee or requested waiver of the fee, (2) the declaration was not a sworn statement, and (3) appellees had evidence appellant had the ability to pay the jury fee, i.e., that he had money in a retirement account which he had not reported on the declaration of inability to pay costs. Appellees' counsel also directed the court's attention to the fact there had already been two, if not three, trial settings, and the court coordinator had indicated the court could not hear a jury trial until January 2003.[3] Finally, the guardian ad litem stated, "I feel that the longer this case drags out the more emotional harm that's being done to the children in anticipation of what might happen at the end of the trial." The trial court denied appellant's motion for a jury trial.
The court again denied a motion for continuance. The court also denied the motion to remove the guardian ad litem, stating appellant could call the guardian at trial to challenge her opinion. Finally, the court delayed, until trial, a decision on the motion for costs.
Following a trial to the court on July 2 and 3, 2002, the trial court rendered judgment terminating appellant's parental rights to both children, granting their adoption by J.A.B., and changing their surnames from that of appellant to that of the adoptive father. The court also ordered appellees to pay appellant's attorney ad litem $7,500 in attorney's fees plus post judgment interest.

DISCUSSION

Points of Error One and Two: Demand for Jury Trial
Overview
In point of error one, appellant contends the trial court abused its discretion in denying him the right to a jury trial. In point of error two, he contends the denial of his request for a jury trial was not harmless. Appellant argues he timely filed a request for a jury trial in his first pro se answer and properly filed a declaration of inability to pay costs. Appellees respond (1) appellant waived his request for a jury trial; (2) he never paid a jury fee; (3) his declarations of inability to pay costs are not substitutes for a declaration of inability to pay the jury fee; (4) even if appellant's request was proper, appellees rebutted the presumption appellant's jury demand was made within a reasonable time; and (5) any abuse of discretion in denying the jury demand was harmless.
Standard of Review
We review the trial court's denial of a party's demand for a jury trial under an abuse of discretion standard. Mercedes-Benz Credit Corp. v. Rhyne, 925 S.W.2d 664, 666 (Tex.1996). This standard requires a review of the entire record. Id. The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles. Downer *431 v. Aquamarine Operators, Inc. 701 S.W.2d 238, 241-42 (Tex.1985).
Appellant's Request for a Jury Trial
The right to a jury trial is guaranteed by the Texas Constitution. See Tex. Const. art. I, § 15 (stating "[t]he right of trial by jury shall remain inviolate"). In civil cases, the right to a jury trial is not automatic, but, rather, arises only when a party has demanded a jury trial and paid the applicable jury fee. Gen. Motors Corp. v. Gayle, 924 S.W.2d 222, 226 (Tex.App.-Houston [14th Dist.] 1996, original proceeding), leave denied without prejudice, 940 S.W.2d 598 (Tex.1997) (per curiam). Under Texas Rule of Civil Procedure 216(a), a party desiring a jury trial must make a written request for it not less than thirty days before the date set for trial of the cause on the non-jury docket. Tex.R. Civ. P. 216(a). A party must also deposit a fee with the clerk of the court within the time for making a written request for a jury trial. Tex.R. Civ. P. 216(b). A party who is unable to afford the deposit for the jury fee shall file an affidavit to that effect within the time for making such deposit; and the court shall then order the clerk to enter the suit on the jury docket. Tex.R. Civ. P. 217. An inmate in the Texas Department of Corrections may file an unsworn declaration in lieu of an affidavit. Tex. Civ. Prac. & Rem.Code Ann. § 132.001(a) (Vernon 1997).
In Hosey v. County of Victoria, a pro se inmate filed a medical malpractice and negligence suit against the county and two individuals and, in his original petition, requested a jury trial. 832 S.W.2d 701, 703 (Tex.App.-Corpus Christi 1992, no writ). Two and a half months later, Hosey filed an affidavit of inability to pay costs. Id. The court eventually granted summary judgment in favor of the county and one of the individuals, and Hosey moved for summary judgment against the other individual. Id. A little less than fourteen months after Hosey filed his petition, the court sent a dismissal docket letter indicating the case was set for trial on the merits, to be dismissed for want of prosecution if not tried. Id. When Hosey failed to appear, the trial court dismissed the case for want of prosecution, just over 14 months from the time it was filed. Id.
The issue on appeal was whether the trial court abused its discretion in dismissing the case for want of prosecution. Id. at 704. The appellate court observed the trial court had not followed the supreme court disposition guidelines because it dismissed the case after it had been on file for only 14 months, when the supreme court's timetable for disposition of a jury trial was 18 months. Id. In determining Hosey's case should have fallen under the latter guideline, the appellate court reasoned:
Hosey properly requested a jury trial in his original petition, which he filed November 13, 1989, and filed his uncontested Affidavit of Inability to Pay Costs on January 30, 1990. Tex.R. Civ. P. 216. The affidavit was filed in lieu of the required jury fee. Tex.R. Civ. P. 145, 216(b). Hosey was entitled to a jury trial when he met both Rule 216 criteria.
Id. at 705.
We find Hosey instructive. In the present case, appellant properly requested a jury trial in his original answer, which he filed November 5, 2001. See Tex.R. Civ. P. 216(a); see also Hosey, 832 S.W.2d at 705 (stating appellant properly requested jury trial in original petition). The same day, appellant also filed an uncontested declaration of inability to pay costs. See Tex. Civ. Prac. & Rem.Code Ann. § 132.001(a); *432 Tex.R. Civ. P. 145, 217.[4] As an inmate, appellant was permitted to file an unsworn declaration in lieu of the oath of inability to pay the required jury fee. See Tex. Civ. Prac. & REM.CODE ANN. § 132.001(a) (Vernon 1997); Tex.R. Civ. P. 216(b), 217. And, under the Corpus Christi court's reasoning in Hosey, appellant was entitled to a jury trial when he requested the jury trial in his answer and filed the declaration of inability to pay costs. See Hosey, 832 S.W.2d at 705.
Appellees, however, argue Hosey is distinguishable because the appellate court in Hosey stated, "the affidavit [of inability to pay costs] was filed in lieu of the required jury fee." Hosey, 832 S.W.2d at 705. A close reading of Hosey, however, does not reveal that Hosey's affidavit contained any specific mention of his inability to pay the jury fee. We therefore follow Hosey and hold appellant, who properly requested a jury trial and timely filed a declaration of inability to pay costs, was entitled to a jury trial.[5]
Purported Waiver or Withdrawal of Request
Appellees, relying on the rules relating to amended pleadings, argue appellant waived his jury trial request when he filed his second and third pleadings, neither of which contained a jury request. Texas Rule of Civil Procedure 65 provides: Unless the substituted instrument shall be set aside on exceptions, the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause, unless some error of the court in deciding upon the necessity of the amendment, or otherwise in superseding it, be complained of, and exception be taken to the action of the court, or unless it be necessary to look to the superceded pleading upon a question of limitation.
Tex R. Civ. P. 65.
As a general rule, the substituted instrument replaces the previous filing and can work as a nonsuit as to parties and claims. See, e.g., Randolph v. Jackson Walker, 29 S.W.3d 271, 274 (Tex.App.-Houston [14th Dist.] 2000, pet denied) (nonsuit of party and claim); Wren v. Texas Employment Comm'n, 915 S.W.2d 506, 508 (Tex.App.-Houston [1st Dist.] 1995, no writ) (nonsuit of party). An amendment is designed to "add something to" or "withdraw something from" the amending party's own pleading in order to cure deficiencies, make corrections, or plead a new matter. Tex.R. Civ. P. 62; see Sixth RMA Partners, L.P. v. Sibley, 111 S.W.3d 46, 53 (Tex.2002) (quoting Glenn v. Dallas Bois D'Arc Island Levee Dist., 114 Tex. 325, 268 S.W. 452, 453 (1925)). In contrast, a supplemental answer is a response to the last preceding pleading by the other party, and does not repeat previously pleaded allegations further than necessary. Tex.R. *433 Civ. P. 69; Sixth RMA Partners, at 53 (stating the purpose of supplemental pleadings is to reply to "the allegations of the opposing party immediately preceding them") (quoting Glenn, 268 S.W. at 453).
In the context of reviewing pleas for relief, courts look to the substance, not merely the title, to determine the nature of the pleading. State Bar of Tex. v. Heard, 603 S.W.2d 829, 833 (Tex.1980); Criton Corp. v. Highlands Ins. Co., 809 S.W.2d 355, 357 (Tex.App.-Houston [14th Dist.] 1991, writ denied). A court should construe a pleading liberally in favor of the pleader. Roark v. Allen, 633 S.W.2d 804, 809 (Tex.1982); Hand v. Dean Witter Reynolds, Inc., 889 S.W.2d 483, 490 (Tex.App.-Houston [14th Dist.] 1994, writ denied). The court will look to the pleader's intent and will hold a pleading sufficient if the pleading gives fair and adequate notice to the opposing party of issues and claims so that he may prepare his case. See Roark, 633 S.W.2d at 810.
For three reasons, we decline to construe appellant's second and third "original answers" as amendments that effected a waiver of appellant's request for a jury trial. First, given the nature of the captions and the chronology of the pleadings, it is not clear the second and third "original answers" were intended as amendments. Second, holding the omission of the request in the second and third pleadings to be a waiver or withdrawal of the request is inconsistent with cases dealing with waiver of a jury request. Third, the only case even arguably supporting waiver by failure to replead is not persuasive.[6]
The captions and chronology. The record contains the following pleadings:

Date Party Style and contents of pleadding
10-03-01 Appellee "Original Petition for Termination
 and Adoption of Stepchildren":
 discovery level, objection
 to assignment of case
 to associate judge, list
 of petitioners, statement of
 jurisdiction, interstate placement
 information, naming of
 the children, person entitled
 to citation, a property listing,
 statement of termination
 sought, request for appointment
 of a guardian ad litem,
 request for adoption, request
 for a social study to be conducted
 as to the circumstances
 and condition of the
 children, request for attorney's
 fees, request for the
 records to be sealed, an ADR
 statement, and a prayer for
 relief.
11-05-01 Appellant "Respondent": general denial,
 request for a jury trial,
 request to be present at all
 court proceedings, and a
 request for a bench warrant.
12-11-01 Ad Litem "Guardian Ad Litem's Original
 Answer in Suit Affecting the
 Parent Child Relationship":
 general denial, request that
 enumerated factors be considered
 in determining the best
 interest of the children, and
 request for guardian ad litem
 fees and expenses.

*434
01-7-02 Appellant "Original Answer, Request for
 Appointment of Attorney Ad
 Litem and Motion for Issuance
 of Bench Warrant":
 general denial, request for
 appointment of attorney ad litem,
 motion for the issuance
 of the bench warrant or, in
 the alternative, a motion for
 a continuance. This answer
 concludes with a prayer for
 relief in which appellant requests
 (1) issuance of a bench
 warrant, (2) appointment of
 an attorney ad litem, and (3)
 denial of all relief requested
 by appellees.
5-16-02 Appellant "Attorney Ad Litem's Original
 Answer": general denial and
 request for attorney's fees.
5-16-02 Appellant "Motion for Deposit of Costs":
 request for deposit into the
 registry of the court to
 cover costs for representing
 appellant.

As the preceding summary indicates, appellant's second and third pleadings were not captioned "amendments." The second pleading merely expanded and provided additional rationale for the requests contained in the first. Except for reiterating the general denial, the second pleading deals with procedural issues, not claims or defenses. This "original answer" was filed fewer than thirty days after the guardian ad litem's original answer and appears in part to be a response to the guardian ad litem's list of factors for determining the best interest of the children. Unlike appellant's first pleading, the second, in the motion for issuance of a bench warrant, contains a specific reference to determining the best interest of the children and contains citation to case law supporting appellant's right to attend the proceeding and testify concerning the future of his children. Finally, appellant added his request for the appointment of an attorney ad litem.
The third pleading, filed by the attorney ad litem and captioned "Attorney Ad Litem's Original Answer," consists of merely a general denial and a request for attorney fees. It appears to be intended solely to insure the attorney would be awarded his fees.[7]
Because of the nature of appellant's pleadings and the context in which each was filed, we are not inclined to hold appellant's second and third pleadings constituted "amendments" triggering withdrawal or waiver of appellant's initial jury request. Furthermore, to so hold would be inconsistent with the law regarding withdrawal and waiver of a jury request.
Withdrawal and waiver of a jury request. "When any party has paid the fee for a jury trial, he shall not be permitted to withdraw the cause from the jury docket over the objection of the parties adversely interested." Tex.R. Civ. P. 220; see Zemanek v. Boren, 810 S.W.2d 10, 11-12 (Tex.App.-Houston [14th Dist.] 1991, no writ.).[8] Nevertheless, "unless an objection is made to the withdrawal of a case from *435 the jury docket, the non-requesting party has no right to a jury trial." Lambert v. Coachmen Indus. of Tex., Inc., 761 S.W.2d 82, 85 (Tex.App.-Houston [14th Dist.] 1988, writ denied). If a party who has requested a jury trial in an initial pleading could effectively withdraw the request simply by omitting it in subsequent pleadings, the non-requesting party would be forced to scrutinize all such pleadings in order to avoid waiving a jury trial by failing to object to the withdrawal. See id.
Furthermore, omitting a jury request from subsequent pleadings does not rise to the level of inaction that has been held to constitute the requesting party's waiver of a jury trial. In Green v. W.E. Grace Manufacturing Co., the supreme court held that "neither the judge nor the opposite party have the authority to dispense with a jury without the assent of the party originally demanding it." 422 S.W.2d 723, 725 (Tex.1968). In 1970, the supreme court amended Texas Rule of Civil Procedure 220 to provide that any party's failure to appear for trial waives that party's right to a jury trial. Order of July 21, 1970 (455-56 S.W.2d [Tex. Cases] xliii) (effective Jan. 1, 1971). There have, however, been no other changes to Rule 220 since Green was decided. See Cardenas v. Montfort, Inc., 894 S.W.2d 406, 408 (Tex.App.-San Antonio 1994), writ denied, 924 S.W.2d 156 (Tex.1996) (per curiam).
Based on Rule 220 and Green, the Cardenas court concluded, "A court ... does not have discretion, when a party has properly requested a jury trial under TRCP 216, and is present in court, to deny that party a jury trial without that party's assent." Id. The court further noted, "assent" means "Compliance; approval of something done; a declaration of willingness to do something in compliance with a request; acquiescence; agreement. To approve, ratify and confirm. It implies a conscious approval of facts actually known, as distinguished from mere neglect to ascertain facts. Sometimes it is equivalent to `authorize'." Id. n. 1 (quoting Black's Law Dictionary 106 (5th ed.1979) (emphasis added by court)).
The Cardenas court "emphasize[d] that assent to the removal of a case from the jury docket is easily implied [sic] in a situation in which a party appears before the court without objection and proceeds to try its case before the bench, especially when that party is represented by an attorney." Id. at 409. Nevertheless, the Cardenas court declined to hold a pro se plaintiff implicitly assented to waive a jury trial when there was no evidence she "appeared before the court without objection and called upon the court to decide an issue of fact," but instead "she never announced ready, and protested through the entire proceeding that she did not know what actions to take and that she needed an attorney." Id. at 409-10.
Appellant omitted his jury request in a pro se pleading; his counsel omitted it in a pleading directed mainly toward recovery of his attorney's fees. Upon realizing there was uncertainty whether the case was set on the jury docket, appellant, through counsel, filed a motion to confirm his right to a jury trial. Appellant appeared for trial and, by his motion, objected to a non-jury trial. His omission of the request in his second and third pleadings does not constitute implicit assent to a non-jury trial.
Lack of mandatory or persuasive authority. Finally, appellees cite no authority establishing a request for a jury trial, once properly requested in a pleading, is considered withdrawn when the request is not reiterated in subsequent pleadings. This court has found but a single case: Texas Valley Insurance Agency v. Sweezy Construction, Inc., 105 S.W.3d 217 (Tex. *436 App.-Corpus Christi 2003, no pet.). In that case, the court of appeals stated, "Because appellee omitted its jury requests in its amended petitions, all subsequent to the second amended petition, appellee effectively withdrew its jury request." Id. at 220.
Texas Valley does not provide persuasive authority for deciding the present case. In Texas Valley, the petitions omitting the jury trial request were captioned "amended" petitions. Id. at 219. In the present case, appellant's second and third answers were captioned "Original Answer," thus not clearly indicating whether each pleading was intended to supplement, or substitute for, the preceding pleading.
Furthermore, in Texas Valley, the trial court had initially signed an order setting the case for a jury trial even though the appellee had not met the Rule 216 requirements. See id. The trial court then subsequently placed the case on the non-jury docket, and despite the appellants' filing a request and paying the fee, held a trial before the bench. Id. at 219-220. The court of appeals reversed, holding that, for the trial court to vacate or change its order setting the case for jury trial, the court had to give appellants, who were not the party initially requesting a jury trial, a reasonable time to comply with Rule 216. Id. at 221-22 (following Rhyne, 925 S.W.2d at 666).
Given the facts and procedural posture of Texas Valley, we decline to follow the court's statement that a party effectively withdraws its jury request by not including it in subsequent amended pleadings. Accordingly, on the facts of the present case, we hold appellant met the Rule 216 and 217 requirements for a jury trial.
Purported Rebuttal of Presumption Demand was within a "Reasonable Time"
A request for a jury trial made in advance of the thirty day deadline is presumed to have been made a reasonable time before trial. Halsell v. Dehoyos, 810 S.W.2d 371, 371 (Tex.1991) (per curiam); Wittie v. Skees, 786 S.W.2d 464, 466 (Tex. App.-Houston [14th Dist.] 1990, writ denied). A party may rebut the presumption by showing that the granting of a jury trial would operate to injure the adverse party, disrupt the court's docket, or impede the ordinary handling of the court's business. Halsell, 810 S.W.2d at 371; In re V.R.W., 41 S.W.3d 183, 194 (Tex.App.-Houston [14th Dist.] 2001, no pet.); Wittie, 786 S.W.2d at 466. The evidence to support such a showing must appear in the record. V.R.W., 41 S.W.3d at 194; see Halsell, 810 S.W.2d at 371; Wittie, 786 S.W.2d at 466; Weng Enter. v. Embassy World Travel, Inc., 837 S.W.2d 217, 222 (Tex.App.-Houston [1st Dist.] 1992, no writ).
Appellees argue they have rebutted the presumption appellant's jury demand was made a reasonable time before trial. They point to the guardian ad litem's statement to the court that another postponement would cause emotional harm to the children. They also point to their own counsel's statement that, according to the court coordinator, the next jury trial setting was not until January of 2003. Neither statement was sworn or supported by documentation. Such statements are not evidence. See In re N.R.C., 94 S.W.3d 799, 808 n. 5 (Tex.App.-Houston [14th Dist.] 2002, pet. denied). In short, appellees placed no evidence on the record to support a showing of injury, disruption of the court's docket, or an impediment to the ordinary handling of the court's business. See Halsell, 810 S.W.2d at 371.
Appellant properly perfected a jury demand a reasonable time before trial. We sustain appellant's point of error one.
Harm
In his second point of error, appellant argues that the trial court's denial *437 of a jury trial was not harmless error. A refusal to grant a jury trial is harmless error only if the record shows that no material issues of fact exist and an instructed verdict would have been justified. Halsell, 810 S.W.2d at 372 (citing Olson v. Texas Commerce Bank, 715 S.W.2d 764, 767 (Tex.App.-Houston [1st Dist.] 1986, writ ref'd n.r.e.)). In view of the disputed facts surrounding appellant's fitness as a parent, an issue of material fact exists and a directed verdict would not have been appropriate. See Simpson v. Stem, 822 S.W.2d 323, 325 (Tex.App.-Waco 1992, orig. proceeding) (stating permanent custody of children clearly involves factual disputes on which jury could pass). Therefore, we conclude the trial court's denial of appellant's timely request for jury trial is not harmless error.
We sustain appellant's point of error two. Accordingly, we reverse the judgment of the trial court and remand the cause for a new trial before a jury.
Point of Error Three: Denial of Motion to Remove the Guardian ad Litem[9]
In point of error three, appellant contends the trial court abused its discretion in denying his motion to remove the children's guardian ad litem, Bobbie Monroe. Appellant relies on Texas Family Code section 107.006(c), which provides:
A party to a proceeding in which a person is appointed as a guardian ad litem or an attorney ad litem may object to appointment of the person at any time before the date of the trial of the proceeding. A party may object under this subsection by filing a written motion stating the grounds and facts on which the party believes that the person appointed lacks objectivity or is failing to fulfill the person's responsibilities as an ad litem as outlined in the written statement of ad litem responsibilities. The court shall promptly rule on an objection raised under this subsection and shall order the removal of the guardian ad litem or attorney ad litem if the court finds that the objection is justifiable.
Tex. Fam.Code Ann. § 107.006(c) (Vernon 2002).
Removal of a guardian ad litem under this section is within the trial court's discretion. Gonzalez v. Gonzalez, 26 S.W.3d 657, 659 (Tex.App.-San Antonio 2000, no pet.). We therefore review the trial court's denial of the motion for an abuse of discretion. Id. A trial court abuses its discretion when it acts without reference to any guiding rules or principles. N.R.C., 94 S.W.3d at 808.
Appellant contends the following factors are evidence of Monroe's bias: (1) she prepared a report prior to trial recommending termination of parental rights and adoption; (2) she interviewed appellant only once, but had free access to appellees; and (3) in preparing the report, Monroe did not contact the adoptive father's children or former wife despite noting that the adoptive father did not have a good relationship with his children from the former marriage and they refused to see him.[10] Monroe explained she prepared the report in February, thinking the trial would take place sooner than it did. After interviewing numerous parties and doing a *438 thorough investigation, she based her recommendation on "the best interest [sic] of the children; namely, their safety, their emotional well-being." Given that appellant was incarcerated and his own counsel expressed difficulty communicating with him, and given the greater number of persons to interview in appellees' household, the difference in the amount of contact is understandable and hardly evidence of bias. Finally, at trial, Monroe explained she had talked to several people regarding J.A.B.'s relationship with his biological children because it was "the biggest problem."
The trial court did not abuse its discretion in denying appellant's motion to remove Monroe as guardian ad litem. We overrule point of error three.

CONCLUSION
Having held the trial court abused its discretion in denying appellant's jury demand and the error was not harmless, we remand the cause to the district court for a new trial before a jury.
NOTES
[1] The motion is represented as an unopposed motion. At the hearing, appellees did oppose the motion.
[2] See Tex.R. Civ. P. 217.
[3] Appellant objected to "the hearsay testimony of the court coordinator." Additionally, the only scheduling order in the appellate record setting a trial date is the order setting trial on June 24, 2002. The case was tried July 2-3, 2002.
[4] Appellees direct this court's attention to the June 26, 2002 hearing in which they offered evidence that appellant had adequate funds to pay a jury fee. Appellees did not file a written contest giving notice of their objection to the declaration. See Tex.R. Civ. P. 145. Furthermore, there is nothing in the record to indicate the trial court received the document into evidence or ruled on appellees' oral objection. See id.
[5] The facts of the present case are even more compelling than those in Hosey. The appellant in Hosey was the plaintiff at trial. See Hosey v. County of Victoria, 832 S.W.2d 701, 703 (Tex.App.-Corpus Christi 1992, no writ). He was therefore required either to file security for costs or an affidavit of inability to pay. See Tex.R. Civ. P. 142, 145. Appellant in the present case, however, was the defendant in the trial court, and was under no requirement to file an affidavit of inability to pay costs unless he wanted a jury trial, the only procedural event for which he was required to pay a fee.
[6] We also note that the trial for which appellant sought a jury involved a right of constitutional dimension. See Holick v. Smith, 685 S.W.2d 18, 20 (Tex.1985). The Supreme Court has characterized the right to raise one's children as "essential," and "far more precious ... than property rights." Stanley v. Illinois, 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551 (1972) (citations omitted); see Holick, 685 S.W.2d at 20. A termination decree is complete, final, and irrevocable, forever divesting that natural right as well as all legal rights except for the child's right to inherit. See Holick, 685 S.W.2d at 20. Thus, in the context of interpreting the predecessor of Family Code section 161.001, the Texas Supreme Court has advised that we must strictly scrutinize any decision that severs the natural tie between parent and child to be certain that children's interests are best served and parental rights are protected. Id. Given that the trial in the present case was one that couldand, in fact, didresult in termination of appellant's parental rights, we hesitate to hold appellant waived his jury trial request simply by not reiterating it in his second and third pleadings.
[7] The attorney ad litem appears to have acted out of an abundance of caution because we find nothing requiring the attorney ad litem to request fees by means of a pleading. Section 107.015 of the Texas Family Code provides:

(a) An attorney appointed to represent a... parent as authorized by this subchapter is entitled to reasonable fees and expenses in the amount set by the court to be paid by the parents of the child unless the parents are indigent.
(b) If the court or associate judge determines that one or more of the parties are able to defray the costs of an attorney ad litem's fees and expenses ..., the fees and expenses may be ordered paid by one or more of those parties, or the court ... may order one or more of those parties ... to pay the sums into the registry of the court.
Tex. Fam.Code Ann. § 107.015(a)-(b) (Vernon 2002); see In re A.M., 974 S.W.2d 857, 865-66 (Tex. App-San Antonio 1998, no pet.) (stating when there is a mandatory statute for awarding ad litem fees then a lack of pleading for fees will not be held against ad litem).
[8] As discussed above, in the present case, appellant filed a declaration of inability to pay costs in lieu of the fee.
[9] Although we are reversing based on appellant's points of error one and two, we address his point of error three because it may arise again on retrial. See Edinburg Hosp. Auth. v. Trevino, 941 S.W.2d 76, 81 (Tex.1997) (addressing issue not essential to disposition of this case in order to provide guidance to district court on retrial).
[10] At trial, Monroe testified she had talked with the adoptive father's former wife the weekend before trial. Also, contrary to appellant's characterization, Monroe did not testify she had "free access" to appellees, but that she had "the communication I needed. If I needed to talk to them, I could call. I've been in court with them."