Affirmed
in Part and Reversed and Remanded in Part and Memorandum Opinion filed October
4, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00579-CV

____________

 

IN THE INTEREST OF M.A., A CHILD

 

 



 

On Appeal from the 313th
District Court

Harris County, Texas

Trial Court Cause No. 2003-04416J

 



 

M E M O R A N D U M   O P I N I O N

After a bench trial, the trial court terminated the
parental rights of the mother and father of M.A., who was 22 years old at the
time of trial.  The maternal grandfather of M.A. (the grandfather) was named
sole managing conservator.  The mother appeals, complaining that reversible
error was committed when she was denied a jury trial, and raising sufficiency
of the evidence issues as to termination and conservatorship.  Applying
controlling principles of law set out in Texas Supreme Court and Fourteenth
Court of Appeals cases, we reverse and remand.  








Background

On May 27, 2003, the Texas Department of Protective and
Regulatory Services (TDPRS) filed, against M.A.=s mother and
father, an AOriginal Petition for Protection of A Child, for
Conservatorship, and for Termination in Suit Affecting The Parent Child
Relationship.@  The grandfather subsequently filed a APetition in
Intervention for Conservatorship@ seeking
termination of the mother=s and father=s parental rights
and the appointment of himself, the grandfather, as the sole managing conservator
of M.A.  At the initial hearing in the case, the grandfather was named
Temporary Possessory Conservator of M.A., and TDPRS was named Temporary
Managing Conservator.  

On October 13, 2004, the mother filed a Request for Jury
Trial, and on October 14, 2004, the mother paid the jury fee. 

On the trial date, November 17, 2004, the grandfather filed
a handwritten AMotion to Quash Request for Jury Trial.@  The Associate
Judge granted the motion, denied the mother=s request for a
jury trial, and immediately proceeded with a bench trial.  After two days of
testimony, the Associate Judge ruled that the parental rights of the mother and
father were to be terminated, and designated the grandfather as permanent
managing conservator.  The Presiding Judge affirmed the rulings of the
Associate Judge.  

The mother alone has appealed.[1] 
The grandfather filed an appellee=s brief on
appeal.  No brief was filed on behalf of TDPRS.  

Analysis

I.        Right to
Jury Trial

In her fifth issue, the mother asserts the trial court
committed reversible error by denying her a jury trial after she had timely
requested and paid for a jury trial.  








A.      Standard
of Review

A trial court=s denial of a
party=s demand for a
jury trial is reviewed under an abuse of discretion standard.  Mercedes-Benz
Credit Corp. v. Rhyne, 925 S.W.2d 664, 666 (Tex. 1996).  We are required to
review the entire record.  Id.  The test for abuse of discretion is
whether the trial court acted without reference to any guiding rules and
principles.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241B42 (Tex. 1985). 

B.      Jury
Demands in Civil Cases 

AThe right to a
jury trial is one of our most precious rights, holding >a sacred place in
English and American history.=@  Gen. Motors
Corp. v. Gayle, 951 S.W.2d 469, 476 (Tex. 1997) (quoting White v. White,
108 Tex. 570, 196 S.W. 508, 512 (1917)).  With regard to civil cases, Rule 216
of the Texas Rules of Civil Procedure provides: 

a.  Request. No jury trial
shall be had in any civil suit, unless a written request for a jury trial is
filed with the clerk of the court a reasonable time before the date set for
trial of the cause on the non-jury docket, but not less than thirty days in
advance.  

 

b.  Jury Fee.          Unless
otherwise provided by law, a fee . . . must be deposited with the clerk of the
court within the time for making a written request for a jury trial. . . .

Tex. R. Civ. P. 216.  The mother filed her request for a
jury trial, and paid the jury fee, more than thirty days prior to trial.  A
request for a jury trial made in advance of the thirty-day deadline is presumed
to have been made a reasonable time before trial.  Halsell v. Dehoyos,
810 S.W.2d 371, 371 (Tex. 1991); In re J.N.F., 116 S.W.3d 426, 436 (Tex.
App.CHouston [14th
Dist.] 2003, no pet.).  A party may rebut the presumption by showing that the
granting of a jury trial would operate to injure the adverse party, disrupt the
court=s docket, or
impede the ordinary handling of the court=s business.  Halsell,
810 S.W.2d at 371.  Such evidence must appear in the record.  In re J.N.F.,
116 S.W.3d at 436. 








C.      The Trial
Court Erred

The record of the
pretrial hearing regarding the mother=s request for a
jury trial shows the following:

$                  
The mother=s counsel advised the court that
she filed the request for a jury trial more than thirty days before the trial
date, and the mother wanted to proceed with the jury trial on that day.

 

$                  
The attorney ad
litem for the child, M.A., did not object to a jury trial, stating, APull a panel over, we=ll start.@

 

$                  
The attorney
for the father stated, AI have no problem with a court
trial, jury trial, whatever they want.  It doesn=t matter to me.@

 

$                  
The attorney
for the TDPRS expressed no objection to the case proceeding with a jury trial
on that day.[2]

 

$                  
The attorney for the grandfather tendered to the court for filing
a handwritten AMotion
to Quash Request for Jury Trial.@ 
He told the court that he had received notice on November 2 (15 days before
trial) that the mother had requested a jury trial.[3] 
He did not state he was not prepared that day for a jury trial, but rather
claimed Ainjury@ would result to the
parties, and the court=s
docket would be disrupted, if there was a continuance of the trial date.[4] 
He further opined that Aif
a [jury request] is timely filed with proper service . . . it will impede the
ordinary handling of the court=s
business,@ again
addressing the effect of a continuance, not the effect of a jury trial
that day.  








From this record, we conclude there is no evidence
rebutting the presumption that the mother=s request for a
jury trial was made a reasonable time before trial.  There is no evidence that
proceeding with the jury trial on that day, November 17, would have (1)
operated to injure the adverse party, (2) disrupted the court=s docket, or (3)
impeded the ordinary handling of the court=s business.  Accordingly,
the trial court abused its discretion in denying the mother=s request for a
jury trial.  See Halsell, 810 S.W.2d at 371B72.[5]

D.      Error Was
Harmful

A refusal to grant a jury trial is harmless error only if
the record shows that no material issues of fact exist and an instructed
verdict would have been justified.  See Halsell, 810 S.W.2d at 372; In
re J.N.F., 116 S.W.3d at 437.  

In the present case, there was a great deal of conflicting
evidence regarding the extent of the mother=s continued drug
use, her ability to provide for her child, and whether she or the grandfather
would be the better caretaker of M.A.  We note that up until about one month
before trial, the TDPRS consistently indicated that it was in favor of M.A.
being reunited with the mother.  








The conflicting evidence clearly raised fact issues so that
an instructed verdict terminating the mother=s parental rights,
and naming the grandfather the sole permanent managing conservator would not
have been justified.  See In re M.N.V., 216 S.W.3d 833, 835 (Tex. App.CSan Antonio 2006,
no pet.) (holding that testimony from terminated parent that she did not want
her rights terminated, and evidence that she had in part completed her family
service plan were sufficient to present material issues of fact as to the best
interest determination, even in light of evidence of prior drug abuse); In
re J.C., 108 S.W.3d 914, 917 (Tex. App.CTexarkana 2003, no
pet.) (holding that terminated parent=s testimony that
termination would not be in best interest of the child was sufficient to defeat
a motion for instructed verdict). 

Accordingly, we conclude that the trial court=s refusal to grant
a jury trial amounted to harmful error.  Therefore, we sustain issue five.

II.       Legal
Sufficiency of the Evidence

In other issues in her brief, the mother attacks the
legal and factual sufficiency of the evidence to support the termination of her
parental rights and the sole managing conservator appointment.  It is not
necessary to address the factual sufficiency challenge, which would require a
remand if sustained, because our disposition of issue five above requires a
remand. See Gemoets v. State, 116 S.W.3d 59, 65 (Tex. App.CHouston [14th
Dist.] 2001, no pet.) (stating that the appropriate remedy for reversal on a
factual sufficiency issue is remand for a new trial).  We address the
legal sufficiency of the evidence complaint.

A.      Standard
of Review

In order to terminate parental rights, the State must prove
both that the parent has committed one of the enumerated acts worthy of
termination, and that termination of parental rights is in the best interest of
the child.  See Tex. Fam. Code
' 161.001.  The
burden of proof at trial is clear and convincing evidence.  Id.  Clear
and convincing evidence means the measure or degree of proof that will produce
in the mind of the trier of fact a firm belief or conviction as to the truth of
the allegations sought to be established. Id. ' 101.007.








When reviewing the legal sufficiency of the evidence under
this standard, we look at all the evidence in the light most favorable to the
finding to determine whether a reasonable trier of fact could have formed a
firm belief or conviction that its finding was true.  In re J.F.C., 96
S.W.3d 256, 266 (Tex. 2002).  The reviewing court assumes that the factfinder
resolved disputed facts in favor of its finding if a reasonable factfinder
could do so.  Id.  A court should disregard all evidence that a
reasonable factfinder could have disbelieved or found to have been incredible. 
Id.  If a court determines that no reasonable factfinder could form a
firm belief or conviction that the matter that must be proven is true, then
that court must conclude the evidence is legally insufficient.  Id. 

The Texas Supreme Court has enumerated a list of factors
that may be considered by courts in ascertaining the best interest of the
child.  See Holley v. Adams, 544 S.W.2d 367, 372 (Tex. 1976).  Evidence
that proves one or more statutory grounds for termination may also constitute
evidence illustrating that termination is in the child=s best interest.  See
In re C.H., 89 S.W.3d 17, 27B28 (Tex. 2002).

B.      Evidence
Is Legally Sufficient to Show the Mother Committed an Act that is Ground for
Termination 

We note that the mother no longer lives with M.A.=s father. 
However, there is evidence that while the mother was in Austin living with M.A.=s father, she
knowingly allowed M.A. to remain in conditions or surroundings that endangered
M.A.=s physical and
emotional well-being. The evidence includes the following:  the mother and M.A.=s father used
crack/cocaine on a daily basis with M.A. in the house; M.A.=s father was
regularly verbally and physically abusive toward the mother; M.A.=s father
threatened the mother that he would hurt or kill M.A., yet M.A.=s father was M.A.=s caretaker while
the mother was at work; M.A. had bruises and scratches and burn marks on her
when she was placed with the grandfather, which the mother said must have been
caused by M.A.=s father.  We conclude the foregoing constitutes
legally sufficient evidence to support the finding that the mother had
knowingly allowed M.A. to remain in conditions or surroundings which endangered
M.A.=s physical or
emotional well-being.  See In re J.F.C., 96 S.W.3d at 266.

C.      Evidence
is Legally Sufficient to Support Finding that Termination of Parental Rights
and Placement with the Grandfather is in Best Interest of Child








Although there was conflicting evidence, viewing the
evidence in the light most favorable to the court=s findings we note
the following evidence:  M.A. was underweight and withdrawn when she came into
the grandfather=s care; the mother has a volatile
temperament and appears to suffer from bipolar disorder and borderline
personality disorder; the mother failed or did not take several drug tests
under the safety plan; the mother lives with the grandmother (who is divorced
from the grandfather), and the grandmother has tested positive for drugs during
the pendency of this case; the mother has missed visitation with M.A. several
times since the grandfather has been possessory conservator of M.A.; the
Houston social worker testified that when she stopped by the grandfather=s home to check on
M.A., the house was child-friendly and M.A. appeared to be a happy and outgoing
child.  We conclude there is legally sufficient evidence to support a finding
that the termination of the mother=s parental rights
and placement with the grandfather was in the best interest of M.A. See In
re J.F.C., 96 S.W.3d at 266.

Accordingly, we overrule the mother=s issues attacking
the legal sufficiency of the evidence. 

Conclusion

Because the trial court committed harmful error in denying
the mother a jury trial, we reverse those portions of the judgment terminating
the mother=s parental rights and naming the grandfather the sole
managing conservator, and we remand to the trial court for further proceedings
consistent with this opinion.  We affirm the remainder of the trial court=s judgment.

 

 

/s/      Margaret
Garner Mirabal

Senior Justice

 

Judgment rendered and Memorandum
Opinion filed October 4, 2007.

Panel
consists of Justices Anderson and Frost and Senior Justice Mirabal.*

*Senior
Justice Margaret G. Mirabal sitting by assignment.









[1]  The father is not a party to this appeal.





[2]  Counsel for TDPRS did state that if the trial would
be continued, then he would ask for certain measures to be taken.  However, he
did not object to a jury trial taking place on the current trial date, November
17.





[3]  The grandfather argues that because he did not receive
notice of the jury request at least thirty days before trial, the jury
request should not get the benefit of having been filed more than thirty
days before trial.  This argument is contrary to Rule 216, Texas Rules of Civil
Procedure, and the case law.





[4]  However, no party had asked for a continuance of the
trial on the termination of parental rights issues.  





[5]  We note that the grandfather relies on Crittenden
v. Crittenden, 52 S.W.3d 768, 770 (Tex. App.CSan Antonio 2001, pet. denied).  However, unlike the record in Crittenden,
there is an absence of proof in the present case.