# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00074-CV

**Crae Robert Pease, Appellant**

**v.**

**Federal National Mortgage Association a/k/a Fannie Mae, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-11-012006, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Crae Robert Pease appeals a judgment granting Federal National Mortgage Association ("Fannie Mae") immediate possession of property in Travis County. Pease asserts that the trial court erred in denying his request for a jury trial and that the judge showed bias against him during the proceedings. We will affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Fannie Mae purchased a property in Austin ("the Property") at a foreclosure sale. After properly sending a notice of eviction, Fannie Mae filed a forcible detainer action in the Justice of the Peace Court, Precinct 3, of Travis County. *See* Tex. R. Civ. P. 738-55; Tex. Prop. Code Ann. §§ 24.001-.011 (West 2000 & Supp. 2012). Fannie Mae obtained a judgment for immediate possession on November 7, 2011. Pease claimed ownership of the property and requested a de novo trial in the County Court at Law of Travis County. The case was set for non-jury trial on

January 19, 2012. On January 11, 2012, Pease filed a request for a jury trial. Finding Pease's request for a jury trial untimely, the trial court denied the request and conducted a bench trial. The trial court ruled that Fannie Mae was entitled to immediate possession of the property. Pease subsequently filed a motion to recuse the trial judge, which was granted, and a new judge was assigned. Rather than appear at a hearing before the new judge on his motion for a new trial, Pease perfected this appeal.

## STANDARD OF REVIEW

We review the trial court's denial of a request for a jury trial for abuse of discretion. *Texas Valley Ins. Agency v. Sweezy Constr., Inc.*, 105 S.W.3d 217, 219 (Tex. App.—Corpus Christi 2003, no pet.). We reverse for abuse of discretion only if the trial court's decision was "arbitrary, unreasonable, and without reference to guiding principles." *Id.*

## DISCUSSION

Pease argues in his first issue that the trial court violated his right to a jury trial by denying his demand for a jury to hear the case. The right to a jury trial is protected by the Texas Constitution. *See* Tex. Const. art. I, § 15. We begin by noting that the right to a jury trial is not absolute and is "regulated by those Rules which specify its availability." *Green v. W.E. Grace Mfg. Co.*, 422 S.W.2d 723, 726 (Tex. 1968). The trial court has discretion to decide whether to grant a jury demand that is untimely made. *Huddle v. Huddle,* 696 S.W.2d 895, 895 (Tex. 1985). Texas Rule of Civil Procedure 216 generally requires that a party demand a jury trial within a "reasonable time" before the date of the trial and not less than thirty days prior. Tex. R. Civ. P. 216(a). Texas Rule of Civil Procedure 753 provides that de novo hearings of this nature may come to trial "at any time after

2

the expiration of eight full days after the date the transcript [clerk's record] is filed in the county court." Tex. R. Civ. P. 753.

In the present case, Pease filed his appeal in the county court at law on November 15, 2011. On January 4, 2012, Fannie Mae set the case for a non-jury trial on January 19, 2012. Pease did not file his jury request until January 11, 2012, eight days before the scheduled trial date. There is some question about the relationship between the general requirements of Rule 216 and the specific cases governed by Rule 753 because the rules contain different time limits. For example, under Rule 753 a de novo review of a forcible detainer judgment can always be brought to trial within the thirty-day time period, thus making the application of Rule 216(a) problematic. Rigidly applying the Rule 216 time requirement would undermine the purpose of the rules of civil procedure that govern review of forcible detainer actions. The Fort Worth Court of Appeals came to a similar conclusion regarding the relationship between Rule 753 and Rule 245 governing notice of trial. *See Cattin v. Highpoint Vill. Apartments*, 26 S.W.3d 737, 739 (Tex. App.—Fort Worth 2000, pet. dism'd w.o.j.).

In the present case more than thirty days passed between perfection of the appeal and the date Fannie Mae set the case for trial. Pease knew that Fannie Mae could have set the trial for much earlier, yet he still waited more than fifty days after filing the case in the county court at law before making his jury request. *See Rollins-El v. Texas Dep't of Family & Protective Servs*., No. 03-07-00010-CV, 2008 WL 1990299, at *3-4 (Tex. App.—Austin May 9, 2008, no pet.) (mem. op.). Moreover, Pease's jury demand violated Travis County's Local Rules of Court, which provide that a case may not, without agreement of both parties, be set for a jury trial if it has already been set

for a non-jury trial before the jury fee was paid. Travis (Tex.) Civ. Co. Ct. Loc. R. 2.3. Thus, the jury demand was untimely under either the rules of civil procedure or the Travis County Local Rules.

Because the policy behind the forcible detainer action is to provide a "summary, speedy and inexpensive remedy" for determining who has right of possession of a piece of property, *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984), we conclude that the trial court could have concluded that Pease's jury request was not made a reasonable time before the date set for trial. The court therefore did not abuse its discretion in denying the jury request.

Even if Pease's jury request were deemed timely, he would not be entitled to a reversal because the refusal of the request was harmless. The Texas Supreme Court has held that a refusal to grant a jury trial is harmless "if the record shows that no material issues of fact exist and an instructed verdict would have been justified." *Halsell v. Dehoyos*, 810 S.W.2d 371, 372 (Tex. 1991). In the present case, Pease presented no evidence supporting his claims and raised no fact issues. Thus, even if the court had granted a jury trial, an instructed verdict would have been justified. We therefore overrule Pease's first issue.

In Pease's second issue, he complains that the trial judge showed bias against him by refusing his request for a jury trial and by making hostile statements during the course of the bench trial. Pease did not adequately brief this issue in his brief to this Court and has therefore waived it. *See* Tex. R. App. P. 38.1.

In any event, the test for bias or partiality on the part of a judge is a strict one. Remarks made by the judge "during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001) (quoting *Liteky v. U.S.*, 510 U.S. 540,

4

555 (1994)).  Rather, the judge's remarks must show "a deep seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Pease's brief recites from the record a series of statements by the judge purporting to show his bias against Pease.  In what is arguably the harshest of the statements, the judge mentions that he has met Pease's brother and mother and that "both of them are extremely litigious people."  The remainder of the record reveals that the judge attempted to give Pease an opportunity to present evidence for his side despite Pease's repeated oral requests for a jury during the course of the trial.  Such statements are at most "critical or disapproving" of Pease and his family and do not rise to the level of bias that would require reversal.  We overrule Pease's second issue.

**CONCLUSION**

Having overruled Pease's two appellate issues, we affirm the trial court's judgment.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed:   October 11, 2012

5