**SIX FLAGS OVER TEXAS,
INC., Appellant,**

v.

**Flora Earl PARKER, and Husband, Lee
Parker, Appellees.**

No. 2–87–231–CV.

Court of Appeals of Texas,
Fort Worth.

Oct. 20, 1988.

Rehearing denied Nov. 17, 1988.

Vial, Hamilton, Koch & Knox and D. Bradley Dickinson, Michael V. Winchester, Robert D. Allen, Dallas, for appellant.

Swift, Bell, Ward & Dorman, and Grover Swift and Billie J. Ticknor, Fort Worth, Finley & Scogin and Robert Scogin, Kermit, for appellees.

Before FENDER, C.J., HILL and FARRIS, JJ.

## OPINION

FARRIS, Justice.

This is a personal injury suit. On August 4, 1984, Flora Earl Parker was injured while exiting the "Chapparal Car Ride" at the Six Flags Over Texas amusement park. As a result of her injuries, Mrs. Parker underwent surgery for the total replacement of her left hip and right knee. Following a bench trial, the trial court entered judgment for the appellees Flora and Lee Parker.

Six Flags complains the trial court abused its discretion in denying it a jury trial and there was no evidence or insufficient evidence to support certain findings of damages. We overrule Six Flags' points of error and affirm the judgment of the trial court.

Six Flags contends in its first two points that the trial court abused its discretion in denying a jury trial where appellant requested a jury and paid a jury fee twenty days before the date the case was set for trial. In looking at the record as a whole, we find that the trial court did not abuse its discretion in refusing Six Flags' request for a jury trial.

This lawsuit was originally filed on August 20, 1985. Six Flags filed its original answer on September 12, 1985. On July 10, 1987, the case was placed on the nonjury docket of cases to be called for trial at 9:00 a.m. on August 3, 1987. At the top of the notice of non-jury trial settings, the following paragraph appeared:

THE FOLLOWING CASES ARE SET FOR TRIAL ON THE NONJURY DOCKET FOR THE WEEK OF AUGUST 3, 1987. THIS IS NOT A "HYPOTHETICAL" SETTING—IT IS A REAL SETTING. THE CASES WILL BE CALLED FOR TRIAL AT 9:00 A.M. AUGUST 3, 1987 AND WILL BE TRIED AS SOON AS POSSIBLE. ANY CASE THAT IS NOT TRIED DURING THE WEEK OF AUGUST 3, 1987, WILL BE CARRIED FORWARD WEEK BY WEEK UNTIL DISPOSED OF. NO ANNOUNCEMENT NEED BE MADE ON THURSDAY, JULY 30, 1987, AS THE CASES WILL BE TRIED. THE ONLY WAY THAT A CASE WILL BE REMOVED FROM THIS SETTING IS BY WAY OF A HEARING AFTER A WRITTEN MOTION FOR CONTINUANCE. IF THERE IS NO APPEARANCE IN A CASE, IT WILL BE DISMISSED FOR WANT OF PROSECUTION.

On July 14, 1987, Six Flags mailed a letter to the clerk containing a demand for a jury and a check for the jury fee in the amount of $8.00. The jury demand was file marked July 16, 1987. On July 29, 1987, Six Flags filed a motion for jury trial which was heard and overruled by the trial court on July 29, 1987. The case was called for trial before the bench on August 3, 1987.

TEX.R.CIV.P. 216 provides:

No jury trial shall be had in any civil suit, unless application be made therefor and unless a fee ... be deposited by the

applicant with the clerk ... on or before appearance day or, if thereafter, a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than ten days in advance.... TEX.R.CIV.P. 216 (amended January 1, 1988).

■ The Texas Supreme Court has expressly held that making demand and paying a jury fee more than ten days before trial does not necessarily make the payment and demand timely as a matter of law. *See Texas Oil & Gas Corp. v. Vela,* 429 S.W.2d 866, 876–77 (Tex.1968). Demand for a jury and payment of the jury fee more than ten days in advance of trial creates a rebuttable presumption that the jury demand was made within a reasonable time. *See First Bankers Ins. Co. v. Lockwood,* 417 S.W.2d 738, 739 (Tex.Civ.App.—Amarillo 1967, no writ). To rebut this presumption, the record had to show that the granting of a jury trial would operate to injure the adverse party, or would disrupt the court's docket or otherwise impede the ordinary handling of the trial court's business. *See Coleman v. Sadler,* 608 S.W.2d 344, 346 (Tex.Civ.App.—Amarillo 1980, no writ); *W.L. Moody & Company, Bankers v. Yarbrough,* 510 S.W.2d 396, 399 (Tex. Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.).

■ First, it must be noted that this case was pending for almost two years before the jury request and payment were made, and then only after the parties received notice of the setting on the non-jury docket. Whether a defendant receives a jury trial after a non-jury docket trial certification is a matter which falls within the discretion of the trial judge. *See Olson v. Texas Commerce Bank,* 715 S.W.2d 764, 767 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Second, Six Flags failed to put on any evidence showing that a jury was available at the time of trial. *See id.* Furthermore, since the case had already been certified for trial on the non-jury docket, any transfer to the jury docket would have disrupted the schedule of cases which had already been determined by the court. Finally, we look to the nature of the

lawsuit in order to determine whether appellees would have been harmed by the delay in obtaining a jury trial. Since this was a personal injury case, any delay could only have operated to the detriment of appellees who were seeking compensation for their injuries.

Six Flags relies heavily on the recent supreme court decision in *Citizens State Bank v. Caney Investments,* 746 S.W.2d 477 (Tex.1988) (per curiam) (opinion on reh'g) to support its position. *Caney Investments* is distinguishable on the facts. In that case, the bank filed its request for jury trial and fee prior to appearance day. *See Citizens State Bank v. Caney Investments,* 733 S.W.2d 581, 587 (Tex.App.—Houston [1st Dist.] 1987) (dissent by Justice Hoyt). TEX.R.CIV.P. 216 is explicit that the absolute right to demand a jury trial ends on appearance day. In this case, appearance day had already passed, taking with it any absolute right to a jury trial. The trial court was within its discretion to deny the request for the jury trial. Six Flags' first two points of error are overruled.

At oral argument, Six Flags waived its third point of error.

Six Flags' points of error four through six contend there was no evidence as to the reasonableness and necessity of $65,693 of the $79,538 awarded for past medical expenses. The challenged expenses include charges for services rendered by three hospitals, an anesthesiologist and the cost of a hospital bed, lift chair, and ambulance transportation.

■ Six Flags is correct in its underlying contention that proof of amounts charged or paid is not proof of reasonableness, and recovery of such expenses will be denied in the absence of evidence showing the charges were reasonable and necessary. *See Dallas Railway & Terminal Company v. Gossett,* 156 Tex. 252, 259, 294 S.W.2d 377, 382–83 (1956); *Monsanto Co. v. Johnson,* 675 S.W.2d 305, 312 (Tex.App. —Houston [1st Dist.] 1984, writ ref'd n.r. e.). However, we have carefully examined the record and find that while the proper predicate was not established as to some of

the past medical expenses sought by the Parkers, there was sufficient evidence of the reasonableness and necessity of enough of her expenses to support the trial court's award of $79,538.

Under TEX.CIV.PRAC. & REM.CODE ANN. sec. 18.001(b) (Vernon 1986), an affidavit that the amount of charge for a service was reasonable at the time and place the service was provided and was necessary is sufficient evidence to support the finding of fact by the judge or jury that the amount charged was reasonable and was necessary. Furthermore, the affidavit may be made by either the person who provided the service or the person in charge of records showing the service provided and the charge made. *See* TEX.CIV.PRAC. & REM.CODE ANN. sec. 18.001(c)(2) (Vernon 1986).

The record contained affidavits testifying that the charges for medical expenses rendered by Arlington Memorial Hospital, Saint Mary of the Plains Hospital, and Southwest Texas Methodist Hospital were both reasonable and necessary. In the absence of countervailing affidavits, these affidavits were sufficient to support the trial judge's findings. The charges for the services rendered by these providers total $67,456. Together with the $13,845 in services not challenged by Six Flags on this appeal, there is ample evidence to support an award of $79,538 for past medical expenses.

Six Flags contends in points seven through eleven that there was no evidence, or factually insufficient evidence to support the trial court's awards of damages for past medical expenses, for future medical expenses, and Lee Parker's future loss of his wife's services.

In determining a "no evidence" point, we are to consider only the evidence and inferences which tend to support the finding of the jury and disregard all evidence and inferences to the contrary. *See Larson v. Cook Consultants, Inc.,* 690 S.W.2d 567, 568 (Tex.1985); *International Armament Corp. v. King,* 686 S.W.2d 595, 597 (Tex. 1985); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). If there is

any evidence of probative force to support the finding of the jury, the point must be overruled and the finding upheld. *In re King's Estate,* 244 S.W.2d at 661–62.

An assertion that the evidence is "insufficient" to support a finding of fact can mean that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the finding should be set aside and a new trial ordered. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex. 1965). We are required to consider all of the evidence in the case in making this determination. *See id.*

■ We agree with Six Flags' contention that the evidence was factually insufficient to support an award of past medical expenses for the services of Dr. Joyner, the anesthesiologist. However, as stated above, the hospital bills introduced into evidence are sufficient to support the award of past medical damages. Six Flags' seventh point of error is overruled.

■ With regard to future medical injuries, we find that there is sufficient evidence to support the award of damages for future medical expenses by the trial court. At the time of trial, Flora Parker was still using a "walker" or cane to assist her in walking. She testified that she did not go anywhere without a walker and she had difficulty in moving around. She also testified that she still had pain in her right knee and she had pain in both her knee and back. Her treating physician testified that it was possible that the hip and knee replacements could possibly loosen up in the future and require further correction and repair. The witnesses' testimony was sufficient to support the trial court's award of future medical expenses. Six Flags' eighth and ninth points of error are overruled.

■ There is also sufficient evidence to sustain the trial court's findings that Lee Parker sustained a future loss of his wife's services resulting from the injury. Lee Parker testified that because of his wife's injury, he had to shoulder the burden of performing jobs and chores around the house. Furthermore, the trial court was able to view the current physical condi-

**762**

tion of Flora Parker and was thus in a position to make a determination as to the future damages of Lee Parker for the loss of his wife's services. Where there is proof in the records of the nature of the household services rendered before the injuries and proof that the injuries have impaired a person's capacity to perform household services in the future, the evidence is sufficient to sustain an award for future loss of household services. *See Armellini Exp. Lines of Florida v. Ansley*, 605 S.W.2d 297, 312 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). Six Flags' tenth and eleventh points of error are overruled.

The judgment of the trial court is affirmed.