Affirmed in Part, Reversed and Remanded in Part, and Opinion filed May
2, 2002









Affirmed in Part, Reversed and Remanded in Part, and
Opinion filed May 2, 2002.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00761-CV

____________

 

RODNEY JACKSON, Appellant

 

V.

 

JUANA GUTIERREZ, Appellee

 



 

On
Appeal from the County Civil Court at Law No. 3

Harris County, Texas

Trial
Court Cause No. 747,981

 



 

O
P I N I O N

This
is a restricted appeal from a no-answer default judgment in a personal injury
suit arising out of a car accident.  In a
single issue, appellant contends error appears on the face of the record.  Appellee
cross-appeals, arguing appellant=s issue is frivolous and seeking attorney=s
fees.  We sustain appellant=s
issue, reverse the judgment below in part, and remand for a new trial as to all
damages except lost wages.  We overrule appellee=s cross-point.

Background








Appellee and
appellant were involved in a car accident on November 30, 2000.  Appellee filed suit
on February 14, 2001, and served appellant exactly one month later.  On the morning of May 2, 2002, appellee obtained a default judgment.  Unaware of the judgment, appellant filed an
answer that same afternoon.[1]  During the next three months, appellant sent
discovery to appellee and filed a jury demand.  Appellee did not
advise appellant of the default until three months after the date of
judgment.  Thus, appellant was unable to
timely file a motion for a new trial.

Issue

Appellant=s
failure to answer represents an admission of all facts properly set forth in
the plaintiff=s petition.  Morgan v. Compugraphic Corp., 675
S.W.2d 729, 732 (Tex. 1984).  Both
parties agree appellant=s failure to answer renders him unable to attack the liability
finding below.  However, appellant seeks
and is entitled to a new trial on the issue of damages if he can show: (1) his
appeal is brought within six months of the signing of the trial judgment; (2)
he was a party to the suit; (3) he did not participate in the actual trial; and
(4) the error complained of appears on the face of the record.  Norman Communications v.
Texas Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997).  Both parties agree the first three elements
are met.  








Appellant
first contends the fourth element is met because the record contains no
evidence of a causal nexus between the event sued upon and appellee=s
injuries.  Second, appellant argues the
evidence of appellee=s medical expenses, mental anguish, pain and suffering, and
deductible expense for automobile damage is legally insufficient.  See Arenivar v.
Providian Nat=l Bank, 23
S.W.3d 496, 498 (Tex.
App.CAmarillo 2000, no
pet.) (sufficiency of evidence as to amount of unliquidated damages awarded in no‑answer default
judgment may be challenged by restricted appeal).[2]  Third, appellant argues the evidence of lost
wages is factually insufficient.  We
review each contested element of appellee=s
alleged damages separately.

Discussion

I.  Standards and Scope of Review

In
reviewing a legal insufficiency claim, we consider only the evidence and
inferences which tend to support the judgment and disregard all evidence and
inferences to the contrary.  Wal‑Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936
(Tex. 1998).  If there is more
than a scintilla of evidence to support the findings, the no-evidence challenge
cannot be sustained. Catalina v. Blasdel,
881 S.W.2d 295, 297 (Tex. 1994). 
Evidence is thus legally sufficient when it rises to a level that would
enable reasonable and fair‑minded people to differ in their
conclusions.  Mobil
Oil Corp. v. Ellender, 968 S.W.2d 917, 922 (Tex.
1998).  In reviewing appellant=s
factual sufficiency challenges, we examine all the evidence.  Castanon
v. Monsevais, 703 S.W.2d 295, 297 (Tex. App.CSan Antonio 1985, no writ).  We
reverse only if the finding is against the great weight and preponderance of
the evidence.  Id.  In a restricted appeal, the scope of review
is limited to the Aface of the record,@ which consists of all the papers on file in the appeal,
including the statement of facts.  Norman
Communications, 955 S.W.2d at 270. 

II.  Causal Nexus








Even
if a defendant=s liability has been established, proof of a causal nexus
between the event sued upon and the damages claimed is required.  Morgan, 675 S.W.2d
at 731B32.  The legal and factual sufficiency of the
evidence to show this causal nexus is analyzed using the same test applicable
to any challenge to the legal and factual sufficiency of the evidence.  See Holt Atherton Indus. v. Heine, 835 S.W.2d at 80, 84 (Tex. 1992).  Appellant contends, without citing any
authority, there can be no proof of causal nexus without evidence of appellee=s good health prior to the accident.  We disagree. 
On direct examination at the default judgment hearing, appellee testified she went to the hospital, met with two
doctors, received medication, paid her car insurance deductible, lost wages,
and had pain and mental anguish, all Aas a result of the accident.@  We hold this testimony
satisfies the causal nexus requirement under Morgan.

III.  Proof of Damages

A.  Medical Expenses

Documentary
evidence admitted in the default proceeding includes bills for approximately
$4,250 in medical expenses.  Appellant
correctly notes that a claim for medical expenses must be supported by evidence
that such expenses were reasonably necessary for the plaintiff to incur as a
result of her injuries.  See
Rodriguez-Narrea v. Ridinger,
19 S.W.3d 531, 532 (Tex. App.CFort Worth 2000, no pet.) (citing Six Flags
Over Tex., Inc. v. Parker, 759 S.W.2d 758, 760 (Tex. App.CFort Worth 1988, no writ)).  Proof
of amounts charged or paid is not proof of reasonableness.  Id. 
In addition, evidence that medical expenses are
reasonable and customary is no evidence those medical expenses were
reasonably necessary.  Rivas v. Garibay, 974 S.W.2d 93, 96 (Tex. App.CSan Antonio 1998, pet. denied).

A
plaintiff may prove medical expenses are reasonable and necessary either by
presenting expert testimony, or by submitting affidavits in compliance with
section 18.001 of the Texas Civil Practice and Remedies Code.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 18.001 (Vernon 1997); Rodriguez-Narrea,
19 S.W.3d at 532.  The parties
agree appellee did neither of these.  In rebuttal, appellee
argues, without authority other than a general reference to section 18.001
itself, that the legislature did not intend that section to apply to default
proceedings.  Appellee
also argues we should presume the trial judge found all facts necessary to
sustain the judgment because no findings of fact were filed. 








We
reject both of appellee=s arguments.  In the
absence of compliance with section 18.001, appellee
would have been required to put on expert testimony of reasonableness and
necessity.  See id. (discussing section 18.001 as exception to expert testimony
requirement).  In this case, appellant
neither complied with section 18.001 nor proved the expenses through expert
testimony, and hence, there was no evidence of the necessity or reasonableness
of the medical expenses.  The fact that
the testimony was adduced in a default judgment hearing does not relieve appellee of her burden to prove the reasonableness and
necessity of her medical expenses.  

Appellee=s suggestion that the lack of findings of fact permits us to
infer appellee=s expenses were reasonable and necessary is without merit
because such an inference would bar review for legal sufficiency
altogether.  See also Transport
Concepts v. Reeves, 748 S.W.2d 302, 305 (Tex. App.CDallas
1988, no writ) (holding no evidence supported medical expenses even though no
findings of fact filed).  Because there
is no evidence appellee=s medical expenses were reasonable and necessary, we reverse
the award of damages for medical expenses.

B.  Mental Anguish and Pain and Suffering

Approximately
$14,000 of the $20,200 awarded to appellee is
compensation for mental anguish and pain and suffering.  Appellant contends the evidence supporting
this award is legally insufficient.  The
only evidence in the record of appellee=s
mental anguish and pain and suffering consists of the following three questions
and answers:

Q:        As
a result of this accident you had pain in your neck and your back and your
knee, is that correct?

A:        Yes.

Q:        And
it was hard for you to walk and get around, is that correct?

A:        Yes.

Q:        And
you also had some mental anguish?

A:        Yes.

 








In
order to recover for mental anguish, a party must offer either Adirect
evidence of the nature, duration, or severity of a plaintiff=s
anguish, thus establishing a Asubstantial disruption in the plaintiffs=
daily routine,@ or other evidence of a Ahigh degree of mental pain and distress@
that is Amore
than mere worry, anxiety, vexation, embarrassment, or anger.@  See Saenz v. Fidelity & Guar. Ins.
Underwriters, 925 S.W.2d 607, 614 (Tex. 1996) (citing Parkway Co. v. Woodruff,
901 S.W.2d 434, 444 (Tex. 1995)).[3]  Appellee=s
conclusory response to the last question above
provides no evidence, direct or indirect, of the nature, severity, duration, or
degree of mental pain and distress suffered. 
The portion of the judgment awarding appellee
damages for mental anguish is reversed.

The
record does not provide any means of distinguishing the amount awarded for
mental anguish from that awarded for pain and suffering.  Therefore, even if an award for pain
and suffering was supported by the evidence, the precise amount of damages
could not be determined. We therefore must also reverse the pain and suffering
award.  See Tex. R. App. P. 44.1(b) (reversal as to all matters in
controversy required if non-reversible and reversible cannot be fairly
separated).  See
also Holt Atherton Indus., 835 S.W.2d at 86 (Tex. 1992) (reverse and remand
as to all unliquidated damages appropriate upon
review of default proceeding even though not all of appellant=s
no-evidence challenges sustained); Sharm,
Inc.  v. Martinez, 900 S.W.2d
777, 784, 786 n.9. 
(Tex. App.CCorpus Christi
1995), judgm=t vacated in part by agreement, 754 S.W.2d 646 (Tex. 1988). 
But see K‑Mart
Apparel Fashions Corp. v. Ramsey, 695 S.W.2d 243, 247 (Tex. App.CHouston [1st Dist.] 1985, writ ref. n.r.e.) (trial court in default
hearing presumed to have not awarded damages for those claims unsupported by
evidence).

C.  Automobile Insurance Deductible








Appellant
argues there is no evidence to support the award of damages for repairs to appellee=s car.[4]  We agree. 
We find no evidence in the record that appellee=s
expense for car repairs was either reasonable or necessary.  Because a party is entitled to recover only
reasonable and necessary expenses, the award of $250 for appellee=s
insurance deductible is unsupported by the record and is reversed.  See Castanon,
703 S.W.2d at 298 (reversing
award for auto damages where no evidence cost of repairs was reasonable).

D.  Lost Wages

Last,
appellant contends, without citation to any authority, that the evidence of appellee=s lost wages is factually insufficient.  We disagree. 
Appellee testified she missed 30 days of work Aas
a result@
of the accident.  Appellee
quantified the amount of wages she would have received during those days she
did not work.  We affirm the trial court=s
judgment as to appellant=s lost wages.  See Transport Concepts, 748 S.W.2d
at 305 (affirming award of lost wages upon review of similar evidence).  

Conclusion

The
liability portion of the trial court=s default judgment is affirmed. 
We reverse the trial court=s damage awards for medical expenses, mental anguish, pain and
suffering, and 
automobile repair and remand these damage issues for a new trial.
 See Holt Atherton Indus., 835 S.W.2d at 83.  We
affirm the award of $1,480 for lost wages. 
Because this appeal is not frivolous, we overrule appellee=s
cross-appeal for attorney=s fees. See Angelou v. African Overseas Union, 33 S.W.3d
269, 282 (Tex. App.CHouston [14th Dist.]
2000, no pet.) (holding sanctions appropriate only
where circumstances truly egregious).

 

 

 

/s/        Eva
M. Guzman

Justice

 

 

Judgment rendered and Opinion filed May 2,
2002.

Panel consists of Justices Hudson,
Seymore, and Guzman.

Publish C Tex. R.
App. P. 47.3(b).

 

 











[1]  The parties
agree the default judgment was final before appellant=s answer was filed. 
An answer is late if filed after a default judgment is taken even
if the answer is filed on same day of the judgment.  Thomas v. Gelber
Group, Inc., 905 S.W.2d 786, 789 n.3 (Tex. App.CHouston [14th Dist.] 1995, no writ).





[2]  Appellant also
identifies the clerk=s alleged failure to send notice of the default
judgment as error appearing on the face of the record.  It is not clear from the clerk=s record whether notice was actually sent.  However, we hold that the failure to send
notice of default pursuant to Texas Rule of Civil Procedure 239a is not error
on the face of the record.  See Campbell
v. Fincher, 2002 Tex. App. LEXIS 1566, at *2B3 (Tex.
App.CWaco February 27, 2002, no pet. h.) (holding bill of review, not restricted appeal, is proper
remedy).





[3]  Popkowski v. Gramza,
671 S.W.2d 915, 919 (Tex. App.CHouston [1st Dist.] 1984, no writ),  relied upon by appellee,
predates Saenz.  To the extent Popkowski may be read to conflict with Saenz,
it has been overruled.





[4]  Because appellee=s insurance paid for the repairs, the parties= dispute actually concerns only the $250 deductible appellee paid as a result of the accident.