**Opinion issued May 20, 2021**



In The

# Court of Appeals

### For The

# First District of Texas

————————————

### NO. 01-21-00208-CV

————————————

## IN RE REGINALD WILLIS AND ALLIED AVIATION FUELING COMPANY OF HOUSTON, INC., Relators

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relators Reginald Willis and Allied Aviation Fueling Company of Houston, Inc. (Allied Aviation) have filed a petition for writ of mandamus challenging the trial court's denial of their request for a jury trial.[1]  We conditionally grant the petition.

---

[1]     The underlying case is *Cecelia Cruz, Individually and as Personal Representative of Ulysses D. Cruz, XXXXXX Cruz, a minor, and Angelo Cruz*, cause number 2019-

## Background

This proceeding arises from a personal injury case. Ulysses D. Cruz was an employee of United Airlines and, as a wing walker, he walked behind each wingtip as planes were being towed to check that the wings and airplanes were free from obstructions. On the morning of September 7, 2019, Ulysses was walking behind the right wingtip of a United airplane as it was being pushed back from the gate at Bush Intercontinental Airport when the plane was struck by an Allied Aviation van driven by Reginald Willis. Ulysses was thrown to the ground and hit the tarmac sustaining serious injuries. On November 11, 2019, his family, Cecelia Cruz, Angelo Cruz, and a minor child, filed suit against Willis and his employer, Allied Aviation, who are relators in this proceeding.

The trial court's docket control order included a January 4, 2021 trial setting, but in June 2020, the parties sought to amend the docket control order to continue the trial setting to May 17, 2021, which the trial court denied. Another joint request to continue the January 4, 2021 trial setting was filed on October 12, 2020, in which relators and real parties again agreed to continue the trial until May 17, 2021.[2] On

---

81830, pending in the 270th District Court of Harris County, Texas, the Honorable Dedra Davis presiding.

[2]     On October 28-29, 2020, the parties entered into a Rule 11 agreement, which included the parties' agreement to certain deadlines as well as to the May 17, 2021 trial setting, and an agreement that neither party would demand the other party appear for a trial setting prior to May 17 and would work together to agree to a

2

November 20, 2020, the trial court issued an order resetting trial for the two-week period beginning on May 17, 2021.

On April 6, 2021, relators paid the jury fee and requested a jury trial. According to an affidavit of a legal assistant from the law firm representing relators, the trial judge telephoned on the evening of April 6, 2021, and said that it was too late to request a jury trial and that the case would proceed with a bench trial. Relators requested an emergency status conference which was held on April 15, 2021. The trial court requested briefing concerning relators' right to a jury trial.

Relators filed a brief in support of their jury trial request and real parties filed their Motion in Support of the May 17, 2021 Non-Jury Trial, attaching affidavits and a video in support of their argument. The trial court held another status conference on April 21, 2021 where it considered relators' jury trial request and real parties' argument and affidavits concerning their claim that granting the jury trial request would injure Ulysses Cruz. During this hearing, the trial court orally denied relators' jury trial request, stating that real parties had met their burden of rebutting the presumption that relators' jury trial request was filed a reasonable time before the May 17, 2021 trial setting.

---

continuance if necessary. The parties agreed not to seek a continuance of the May 17, 2021 trial setting unless extraordinary circumstances required it. This agreement was not filed with the trial court until April 14, 2021, just before the hearing concerning relators' jury trial request.

Relators filed this petition for writ of mandamus on Thursday, April 29, 2021. But then on Monday, May 3, 2021, the trial court held another hearing, and on May 4, 2021, the trial court signed a written order denying relators' jury trial request based on its conclusion that real parties had rebutted the presumption by establishing three grounds showing that the jury trial request was not filed a reasonable time before the May 17, 2021 trial setting.

## Analysis

To be entitled to mandamus relief, a petitioner must show both that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004). "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). "We review the trial court's denial of a jury demand for abuse of discretion." *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996).

We must defer to the trial court's factual determinations unless no evidence supports them. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009). But we afford limited deference to the trial court's determination of legal principles and a trial court's erroneous interpretation of the law will constitute a clear abuse of discretion. *See Walker*, 827 S.W.2d at 840.

## Relators Lack an Adequate Remedy By Appeal

Whether relators have an adequate remedy by appeal is determined by weighing the benefits of mandamus review against the detriments. *See Prudential*, 148 S.W.3d at 136. "Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss . . . and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id.*

The courts have held that denial of a jury trial is reviewable by mandamus. *See id.* at 139. Although an order denying a request for a jury trial can be remedied on appeal, that remedy is inadequate when both parties are required to endure a trial and the attendant expenses only to have to hold another trial post-appeal. *See In re Reiter*, 404 S.W.3d 607, 611 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding). Appeal is not an adequate remedy for a trial court's legal error in denying a request for a jury trial because the relator stands to lose his constitutional right to a jury trial. *See In re Lesikar*, 285 S.W.3d 577, 587 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding).

1. **Trial Court Abused its Discretion in Denying Jury Trial Request Based on Untimeliness**

The record shows that on April 6, 2021 the trial court originally contacted relators by telephone, advising that their jury request was denied because it was too late. Rule of Civil Procedure 216 does not state that the request for a jury must be made a reasonable time before the first trial setting and the Texas Supreme Court

5

has held a jury trial request to be timely based on the date the trial court reset the trial. *See Halsell v. Dehoyos*, 810 S.W.2d 371, 371 (Tex. 1991); *see also* TEX. R. CIV. P. 216(a) (providing that jury trial request must be filed "a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance"). Thus, to the extent this April 6, 2021 oral ruling remains in effect, it was an abuse of discretion to deny relators' jury trial request on the ground that timeliness is determined based on the date of the first trial setting when that trial setting was continued by order of the trial court. *See Halsell*, 810 S.W.2d at 371.

**2. Relators have established that the trial court abused its discretion in denying their jury trial request**

The trial court issued an oral ruling on April 21, 2021, and subsequently, a written ruling on May 4, 2021, denying relators' request for a jury trial on the ground that real parties had rebutted the presumption that relators' jury trial request was filed a reasonable time before the May 17, 2021 trial setting. Relators claim that the trial court abused its discretion in denying their jury trial request because real parties failed to rebut the presumption.

The Texas Constitution states that "[t]he right of trial by jury shall remain inviolate," TEX. CONST. art. I, § 15, and it guarantees litigants the right to trial by jury "of all causes in the District Courts." *Id.* art. V, § 10. But Rule 216 provides

6

that no jury trial may be had unless a written request is filed a reasonable time before the date set for trial "but not less than thirty days in advance" of trial. TEX. R. CIV. P. 216(a).

### a. *No evidence supports the trial court's determination that the granting of a jury trial will injure the adverse party*

Relators filed their jury trial request and paid their fee 41 days before the May 17, 2021 trial setting and because it was made more than 30 days before the existing May 17, 2021 trial setting, the jury trial request is presumed to be reasonable. *See Halsell*, 810 S.W.2d at 371 (jury trial "request [filed] in advance of the thirty-day deadline is presumed to have been made a reasonable time before trial"). But the adverse party may rebut this presumption of reasonableness by showing that "the granting of a jury trial would operate to injure the adverse party, disrupt the court's docket, or impede the ordinary handling of the court's business." *Id.* To make this showing, there must be evidence in the record establishing at least one of these grounds. *See, e.g.*, *In re J.N.F.*, 116 S.W.3d 426, 436 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) (reversing and remanding for jury trial because appellant perfected jury demand and no evidence was presented to overcome presumption of reasonableness).

In real parties' motion in support of the May 17, 2021 non-jury trial, they argued that the attached affidavits and video established that granting relators' jury trial request would cause injury to Ulysses Cruz. The affidavits indicate that

7

Ulysses' condition has been and is continuing to deteriorate and therefore, real parties argued that the delay of waiting for a jury trial will harm his condition. In response, relators argued that the affidavits attached to real parties' motion were not offered or admitted into evidence at the hearing and thus, did not constitute evidence before the court.

Relators contend that affidavits are not evidence when attached to a motion but instead must be offered into evidence at a hearing or they constitute no evidence in support of the real parties' claims concerning injury to the plaintiff. *See, e.g.*, *Ahmed v. Shimi Ventures, L.P.*, 99 S.W.3d 682, 684 n.2 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Burnett v. State*, No. 14-12-00672-CR, 2013 WL 4779698, at *3 (Tex. App.—Houston [14th Dist.] Sept. 5, 2013, no pet.) (mem. op., not designated for publication). But none of these cases address proof supporting rebuttal of the presumption that a jury trial request was made a reasonable time before the trial setting. The cases that do address this rebuttal proof merely require the proof to appear in the record. *See, e.g.*, *J.N.F.*, 116 S.W.3d at 436. Real parties' affidavits do appear in the record. Absent authority requiring an evidentiary hearing and admission of evidence supporting rebuttal of the presumption that relators requested a jury trial a reasonable time before the trial setting, we will review the proof that the trial court considered and that appears in the record before us.

8

In its April 21, 2021 oral ruling, the trial court determined that real parties had rebutted the presumption that the jury trial request was filed a reasonable time before the May 17, 2021 trial setting because real parties had proven an injury to the plaintiff. In its May 4, 2021 written order, the trial court found that real parties had rebutted the presumption on all three grounds, but it struck through the proposed conclusion and fact-finding concerning injury to the plaintiff. Even though the trial court struck through the fact-finding and ruling specifically addressing injury to the plaintiff, which tends to indicate that the trial court did not deny the jury trial request on this basis, we will address this ground because it was the basis of the April 21, 2021 oral ruling and because of the trial court's general ruling that real parties satisfied their burden of rebutting the presumption on all three grounds.

Real parties' proof indicates that Ulysses is in serious condition, his condition continues to deteriorate, and he requires better care, but this proof does not establish that the deterioration in Ulysses' condition will be caused by the granting of relators' jury trial request, as it was not caused by the parties' previous requests and agreement to continue the January trial setting. Under *Halsell*, the presumption that a jury trial request was filed a reasonable time before the trial setting may be rebutted by showing one of three grounds. *See* 810 S.W.2d at 371. One of those grounds is that granting the jury trial request will cause an injury to the adverse party. *See id*. Real parties' proof does not establish that a jury trial will cause an injury to the

plaintiff different from the deterioration of Ulysses' condition that will result from the passage of time or from other delays that have already occurred or may occur in the future. Because we conclude that the affidavits and video submitted to the trial court constitute no evidence that granting a jury trial will cause an injury to Ulysses, the trial court abused its discretion in concluding that real parties had met their burden of establishing this ground to rebut the presumption that relators' jury trial request was not filed a reasonable time before trial.

### b. *No evidence that granting a jury trial will disrupt docket and impede handling of court business*

In its May 4, 2021 written order, the trial court also concluded that real parties had rebutted the presumption that the jury trial request was filed a reasonable time before the May 17, 2021 trial setting on the two other grounds—that granting a jury trial will (1) disrupt the trial court's docket, and (2) impede the court's handling of its business. In support of this conclusion, the trial court took judicial notice of its docket, its ability to set cases for jury trial, and the following:

> Due to an unprecedented string of natural disasters since 2017, coupled with the normal, yet unfortunate, situation of called jurors not appearing for jury duty creating a shortage of jurors, the Court's docket and setting of jury trials is significantly backlogged and delayed. Taking this case off the non-jury docket which has no backlog and is up to date and resetting the case for a jury trial at some future date would delay the trial most likely by years.
>
> The court rules that any presumption that Defendants filed their request for a jury trial [sic] reasonable time before the

10

> May 17, 2021 non-jury trial date, as required by Rule 216 has been rebutted on all three grounds.
>
> Granting a jury trial would also disrupt the Court's docket and impede the handling of the Court's business. The Court orders that the case remains on the non-jury docket.

This order contains a proposed finding that has been stricken which contains a specific reference to Hurricane Harvey and the Covid pandemic, but despite the strike-through of this proposed fact-finding, the 2017 hurricane and the pandemic are likely the natural disasters to which the trial court is referring. We read the trial court's ruling to conclude that the jury-trial backlogs and juror shortages are caused by the natural disasters, such as the pandemic or hurricane, rather than the granting of relators' jury trial request.

Of course, the granting of relators' jury trial request may delay the trial of this case, but "certain disruptions in the docket and moderate delays in the disposition of cases must be tolerated to protect the important right to a jury trial in a civil suit." *Hardy v. Port City Ford Truck Sales, Inc.*, 693 S.W.2d 578, 579 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). And emergency orders issued by the Texas Supreme Court in response to natural disasters such as the pandemic that result in jury trial delays and juror shortages may not support denial of a party's constitutional right to a jury trial. *See In re Jetall Companies, Inc.*, No. 14-20-00690-CV, 2021 WL 1420950, at *5 (Tex. App.—Houston [14th Dist.] April 15, 2021, orig. proceeding) (mem. op.).

11

In *Jetall*, the party opposing the jury trial request argued that relators had delayed almost six months in requesting a jury trial, which caused injury in the form of trial preparation expenses and, in light of the pandemic delays, the "last-minute" jury trial request, would "[add] another jury trial to the already-backlogged jury-trial docket [which] would disrupt the court's docket or impede the ordinary handling of the court's business." *Id.* at *4. But the 14th Court observed that any delay or disruption to the trial court's docket was not caused by the timing of Jetall's jury demand but by the pandemic. *See id.*

Citing to a previous holding that the Texas Supreme Court's emergency orders concerning the Covid pandemic could not be used to deny constitutional rights, the *Jetall* court concluded that "the pandemic and the resulting delay in jury trials may not be used as a reason to deny Jetall its constitutional right to have the underlying case heard by a jury." *Id.* at *5 (citing to *In re V.K.*, 607 S.W.3d 471, 480 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding)). Accordingly, the court held that the real parties failed to rebut the presumption that Jetall's jury trial request was filed a reasonable time before the trial setting, and therefore, the trial court abused its discretion in denying Jetall's jury trial request. *See Jetall*, 2021 WL 1420950, at *4–5.[3]

---

[3] Real parties attempt to distinguish *Jetall* factually on the grounds that any injury to real parties in *Jetall* was minimal, no evidence was submitted to rebut the presumption, the case was never set on the trial docket or designated trial ready, and no Rule 11 agreement

12

Relators filed their request and paid their fee in advance of the thirty-day deadline and thus, they were entitled to the presumption that their request was made a reasonable time before the non-jury trial setting. *See Halsell*, 810 S.W.2d at 371. Real parties could rebut that presumption by showing either that granting the request would operate to injure them, would disrupt the trial court's docket, or that it would impede the ordinary handling of the trial court's business. *See id.* The proof presented by real parties or considered by the trial court does not establish that granting a jury trial request would cause injury to the plaintiff, disrupt the docket, or impede the handling of court business. Because the presumption that relators' jury trial request was filed a reasonable time before the May 17, 2021 trial setting was not rebutted, the trial court abused its discretion in denying the jury trial request.

### c. The parties' Rule 11 agreement does not support the trial court's order

had been signed by the parties. These factual distinctions do not affect the *Jetall* court's holding that the pandemic and emergency orders that caused jury trial delays could not support denial of a party's constitutional right to a jury trial. Real parties also cite to several cases that they assert are analogous and permit the trial court to deny the jury trial request regardless of the presumption that the jury trial request was made a reasonable time before the trial date. *See Six Flags Over Tex., Inc. v. Parker*, 759 S.W.2d 758, 760 (Tex. App.—Fort Worth 1988, no pet.), *Olson v. Tex. Commerce Bank*, 715 S.W.2d 764, 767 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), and *Clegg v. Laughlin Partners Ltd.*, No 04-06-00387-CV, 2007 WL 56707, at *1 (Tex. App.—San Antonio Jan. 10, 2007, no pet.) (mem. op.). Although some of these cases are based on a previous and different version of Rule 216 and are distinguishable on that ground, the Texas Supreme Court's test set out in *Halsell* concerning the presumption of reasonableness when a jury trial request is filed more than 30 days before the trial setting is binding precedent that we must follow and that Court has not held that a trial court may deny a jury trial regardless of the presumption or that the party requesting a jury trial has the burden to prove that a jury is available.

13

Finally, real parties assert that the trial court implicitly enforced the parties' Rule 11 agreement by prohibiting relators from indirectly seeking a continuance in contravention of their Rule 11 agreement not to seek a continuance of the trial. Although the relators' request for a jury trial will likely result in some delay as did the parties' previous joint request for a continuance of the January 4, 2021 trial setting, some docket disruptions and delays in disposition of cases are tolerable in order to protect the right to a jury trial. *Hardy*, 693 S.W.2d at 579. But in reviewing the parties' Rule 11 agreement, we discern no implied agreement by relators to waive their constitutional right to a jury trial.

A trial court abuses its discretion by denying parties a jury trial that was properly requested without the assent of the party who requested it. *See Cardenas v. Montfort, Inc.*, 894 S.W.2d 406, 408 (Tex. App.—San Antonio 1994, no writ); *In re Vaughan*, No. 12-14-00006CV, 2014 WL 4637969, at *3 (Tex. App.—Tyler Sept. 17, 2014, orig. proceeding) (mem. op.); *In re J.M.B.*, No. 05-16-01311-CV, 2017 WL 1536506, at *3 (Tex. App.—Dallas April 27, 2017, orig. proceeding) (mem. op.). Nothing in the record indicates that relators assented to the denial of their right to a jury trial.

A party may waive the right to a jury trial, either by failing to object to a non-jury trial or by expressly agreeing to waive the right to a jury trial. *See, e.g., Cardenas*, 894 S.W.2d at 408 (assent without objection to non-jury trial after

14

requesting jury trial constitutes waiver of right to jury trial); *Cisneros v. Regalado Family Ltd. P'ship*, No. 13-10-089-CV, 2011 WL 3366345, at *1 (Tex. App.—Corpus Christi–Edinburgh Aug. 4, 2011, no pet.) (mem. op.) (parties entered into Rule 11 agreement agreeing to continuance in exchange for appellant's agreement to waive his right to jury trial and other concessions). And waiver of the right to a jury trial may be deemed to occur if the party who paid the jury fee and requested a jury trial fails to appear for trial. *See* TEX. R. CIV. P. 220. In the Rule 11 agreement, relators agreed with real parties to continue the January trial setting and agreed not to seek another continuance unless extraordinary circumstances required it. Because relators did not waive their right to a jury trial by signing the Rule 11 agreement, the agreement does not support the trial court's denial of relators' timely jury trial request.

### Conclusion

Because relators have established their entitlement to mandamus relief, we conditionally grant the petition and order the trial court to (1) vacate its May 4, 2021 written order denying relators' jury trial request and the April 6, 2021 and April 21, 2021 oral rulings denying relators' jury trial request, and (2) set this case for trial by jury. We are confident the trial court will promptly comply. The writ will issue only if it does not. The stay of all trial court proceedings is lifted.

15

## PER CURIAM

Panel consists of Justices Kelly, Landau, and Hightower.