**Affirmed and Memorandum Opinion filed July 2, 2024.**



In The

# Fourteenth Court of Appeals

## NO. 14-23-00409-CV

## IN THE INTEREST OF R.D.B. AND S.S.B., CHILDREN

**On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause No. 2021-10460**

## M E M O R A N D U M   O P I N I O N

In this suit to modify the parent-child relationship, Mother asserts that the trial court erred by denying her request for a jury trial. Although we conclude that Mother's jury demand was presumptively reasonably timely, the record contains evidence rebutting the presumption of reasonable timeliness because granting a jury trial would have disrupted the trial court's docket in this case. Thus, we conclude the trial court did not abuse its discretion in denying Mother's jury demand. We affirm the trial court's judgment.

## Background

Mother and Father divorced in January 2012. Father filed a modification suit in Burnet County, Texas, and Mother filed a counter-petition to modify the parent-child relationship. In February 2021, the case was transferred to Harris County, where the court set it for an August 29, 2022 bench trial. Mother's newly hired counsel appeared on August 1 and filed a motion for continuance and a jury demand that same date. Mother's was the first jury demand filed by any party. The trial court denied the jury request because it was not timely.

On August 30, the trial court reset the bench trial to January 20, 2023. At a status hearing on December 20, 2022, Mother's counsel argued that the August 1 jury demand was now timely because the trial date had been reset. The trial court refused to move the case to the jury docket and explained that it was preferentially set for a bench trial on January 9, 2023 (not January 20, as reflected in the trial court's docket sheets). The court added that granting a jury trial at that time would disrupt the court's docket because the court had not scheduled any other matters for January 9 in light of the preferential trial setting for this case, and if the parties did not proceed to a bench trial on January 9, the court could not schedule another case for that day. The case proceeded to a bench trial as scheduled.

After the trial court signed a final order modifying the parent-child relationship, Mother appealed.

## Analysis

In her sole appellate issue, Mother challenges the trial court's denial of her request for a jury trial. One of our "most precious rights," the right to a jury trial is guaranteed by the Texas Constitution. *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997); *In re Jetall Cos.*, No. 14-20-00690-CV, 2021 WL 1420950,

at *3 (Tex. App.—Houston [14th Dist.] Apr. 15, 2021, orig. proceeding) (mem. op.); *see* Tex. Const. art. I, § 15 (stating "[t]he right of trial by jury shall remain inviolate"). In civil cases, the right to a jury trial is not automatic and arises only when a party has demanded a jury trial and paid the applicable fee. *In re J.N.F.*, 116 S.W.3d 426, 431 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Under Texas Rule of Civil Procedure 216, a party is entitled to a jury trial if a written request is made within a reasonable time before the first trial setting on the non-jury docket, but in no event less than thirty days before such setting. Tex. R. Civ. P. 216(a). The conditions set forth in rule 216 are prerequisites to a jury trial, not guarantees of one. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 130 (Tex. 2004) (orig. proceeding).

A jury request in advance of the thirty-day deadline is presumed to have been made a reasonable time before trial. *Halsell v. Dehoyos*, 810 S.W.2d 371, 371 (Tex. 1991) (per curiam); *DePriest v. DePriest*, No. 14-20-00032-CV, 2022 WL 2205281, at *1 (Tex. App.—Houston [14th Dist.] June 21, 2022, no pet.) (mem. op.); *Jetall*, 2021 WL 1420950, at *3. The adverse party may rebut that presumption by showing that granting a jury trial would (1) operate to injure the adverse party, (2) disrupt the court's docket, or (3) impede the ordinary handling of the court's business. *Halsell*, 810 S.W.2d at 371; *Jetall*, 2021 WL 1420950, at *3. To make this showing, evidence in the record must establish at least one of these grounds. *See, e.g.*, *Halsell*, 810 S.W.2d at 371; *J.N.F.*, 116 S.W.3d at 436.

We review the trial court's denial of a jury demand for an abuse of discretion. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996); *Lawrence v. Jones*, No. 14-23-00270-CV, 2024 WL 1269874, at *4 (Tex. App.—Houston [14th Dist.] Mar. 26, 2024, no pet.) (mem. op.).

**A.      Did Mother raise a presumption that her jury demand was filed a reasonable time before trial?**

Mother made a written jury request on August 1, 2022 and paid the jury fee that same day.  At that time, a bench trial was set for August 29, but it was reset for August 30, and the trial court signed a protective order preventing the attorneys of record to be called to trial on other matters beginning August 30 until trial was concluded.  The court's docket sheet indicates that, on August 30, trial was reset to January 20, 2023.  At the December 20 hearing, the trial court explained that a bench trial was preferentially set for January 9, 2023, rather than January 20.

In *Halsell*, on the plaintiffs' motion, the trial court set the case on its non-jury docket for trial on September 8, 1989.  810 S.W.2d at 371.  The defendant filed a jury request and paid the proper fee on August 15.  *Id.*  The trial court called the case as scheduled on September 8 and struck the defendant's jury request as untimely.  *Id.*  However, the court also reset the case on the non-jury docket for final trial on October 13.  *Id.*  The supreme court held that the defendant's "untimely jury demand became timely when the trial court reset the case for October 13," and that the trial court therefore erred in denying the defendant's jury request.  *Id.* at 371-72.

Because Mother's jury demand was filed more than thirty days before the actual trial date in compliance with rule 216, we conclude that Mother raised the presumption that the demand was made a reasonable time before trial.  *See Halsell*, 810 S.W.2d at 371 (untimely jury demand became timely when trial court reset trial); *Crittenden v. Crittenden*, 52 S.W.3d 768, 769 (Tex. App.—San Antonio 2001, pet. denied) ("Cherilyn's [jury] request is presumed timely because it was filed more than thirty days before the actual trial date.").

**B.    Does the record contain evidence rebutting the presumption that Mother filed her jury demand a reasonable time before trial?**

As noted above, the presumption of timeliness may be rebutted by a showing that granting a jury trial would, as is applicable here, disrupt the court's docket. *See Halsell*, 810 S.W.2d at 371; *Jetall*, 2021 WL 1420950, at *3. The record in today's case contains sufficient evidence rebutting the presumption of timeliness.

First, Father's original petition to modify the parent-child relationship was filed in December 2020, and Mother's counterpetition was filed in January 2021. Thus, at the time Mother filed her jury demand on August 1, 2022, the case already had been pending for more than eighteen months. *Cf. Esparza v. Esparza*, No. 13-10-00677-CV, 2012 WL 2476228, at *2 (Tex. App.—Corpus Christi-Edinburg June 28, 2012, no pet.) (mem. op.) (considering, among other factors, length of time case had been on file in determining that trial court did not abuse its discretion in denying presumptively timely jury demand); *Girdner v. Rose*, 213 S.W.3d 438, 444 (Tex. App.—Eastland 2006, no pet.) (trial court had discretion to deny presumptively timely jury demand when it was made "more than two years after suit was filed and less than forty-five days before the fifth trial setting"); *Six Flags Over Tex., Inc. v. Parker*, 759 S.W.2d 758, 759-60 (Tex. App.—Fort Worth 1988, no writ) (in determining that trial court did not abuse its discretion in denying jury demand, appellate court considered the length of time case was on file before jury demand was made).

More importantly, when counsel sought to revisit her previously denied jury demand, the trial court explained that the case was preferentially set on its non-jury docket, meaning that the court had not set anything else on that day and that would take "time away from some other case that's clamoring to be heard." Thus, the trial court stated on the record that changing from a non-jury setting to a jury trial would

interfere with the orderly handing of its docket. *See, e.g.*, *Universal Printing Co. v. Premier Victorian Homes, Inc.*, 73 S.W.3d 283, 293, 295 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (when, *inter alia*, trial court stated concerns on the record about impact on its docket of changing from non-jury to jury trial, no abuse of discretion shown in denying jury request); *Six Flags Over Tex.*, 759 S.W.2d at 760 (no abuse of discretion in denying jury demand; "since the case had already been certified for trial on the non-jury docket, any transfer to the jury docket would have disrupted the schedule of cases which had already been determined by the court"); *see also Clegg v. Laughlin Partners Ltd.*, No. 04-06-00387-CV, 2007 WL 56707, at *1 (Tex. App.—San Antonio Jan. 10, 2007, pet. denied) (mem. op.) (explaining that trial court did not abuse its discretion in denying timely jury demand where record reflected that a transfer to the jury docket would have disrupted the trial court's docket).

Under these circumstances, we cannot say the trial court abused its discretion in denying Mother's jury demand. *E.g.*, *Esparza*, 2012 WL 2476228, at *2; *Clegg*, 2007 WL 56707, at *1; *Girdner*, 213 S.W.3d at 444; *Universal Printing Co.*, 73 S.W.3d at 294-95. We overrule Mother's sole appellate issue.

### Conclusion

Having overruled Mother's issue, we affirm the trial court's judgment.


/s/     Kevin Jewell
         Justice


Panel consists of Justices Jewell, Bourliot, and Poissant.